THE STATE v. ROGERS, *Appellant.*

DIVISION TWO.

1. **Criminal Law**: DEFILEMENT OF WARD. The crime of defiling a female under eighteen years of age, by one to whose care she had been confided, does not depend upon the character or reputation of such female nor upon the want of consent on her part. The simple act of carnal knowledge is in such case sufficient to constitute the crime. (R. S. 1889, sec. 348.)

2. ———: ———: EVIDENCE. In a prosecution for defiling a female ward, evidence on the part of the defendant that she had made a subsequent engagement to meet another man for illicit purposes and had been detected in the same is inadmissible.

3. **Practice**: IMPEACHMENT OF WITNESS. Evidence of specific and independent immoral acts is inadmissible for the purpose of impeaching the credibility of a witness.

4. **Criminal Law**: PRACTICE: EVIDENCE. When one accused of crime wholly or partially admits the truth of the charge, then both the accusation and the reply are competent evidence, and any argument legitimately drawn therefrom may properly be made to the jury.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) The court should have admitted the testimony of Ollie Rogers as to his arrangement to meet the prosecuting witness for illicit purposes subsequent to the act charged against defendant, and as to defendant's detection of her in such meeting. 1 Greenl. on Ev. [Ed. 1886] sec. 423; Whar. on Crim. Law, sec. 817; *People v. Austin*, 2 Parker's Crim. Law Rep. 154. (2) The court should have instructed the jury that the alleged confessions of the defendant must relate to the same transactions testified to by the prosecuting witness, and that otherwise said alleged confession should not

be considered by them.  (3)  In stating to the jury in his closing argument that "the father and mother of the prosecuting witness had both testified that Mr. Shoey had confronted the defendant with the charge of having had intercourse with his (Shoey's) little girl, and that defendant had failed to deny the charge," James H. Dryden was guilty of such a misrepresentation of the evidence as to amount to reversible misconduct. *Bishop v. Hunt*, 24 Mo. App. 372; *Marble v. Walters*, 19 Mo. App. 134; *Lloyd v. Railroad*, 53 Mo. 509; *State v. Kring*, 64 Mo. 591.

*John M. Wood*, Attorney General, for the State.

(1)  The court did not err in refusing to permit the witness, Ollie Rogers, to testify that he had made arrangement with the prosecuting witness to meet her on Saturday night, July 19, at defendant's barn for illicit purposes.  It was not admissible in impeachment. Whar. Crim. Ev. [9 Ed.] secs. 35, 46, 49, 273, 484, 486, 492. (2)  Both the father and mother of the prosecuting witness testified that when they confronted the defendant and charged him with having had intercourse with their little girl, he said, "Drop it; don't say anything more about it."  This was doubtless what the prosecuting attorney had reference to when he made the remark relative to the failure of defendant to deny the charge, and it warranted the statement made by him in his argument of the case to the jury.  The argument was legitimate, and no error was committed.

MACFARLANE, J.—Defendant was convicted in the circuit court of Jasper county, of defiling Catherine Shoey, a female under the age of eighteen years, while under his care and protection as a domestic servant.

The evidence shows that the girl was employed by defendant on Saturday, July 12, 1890.  She testified that on the Friday night following he committed the

criminal act.    She returned to her father's home the next night.    She stated on cross-examination, as a reason for returning home, that defendant had made a second assault upon her that evening.

Defendant called witnesses by whom he undertook to prove in explanation of the return of complaining witness to the home of her parents, that defendant had intercepted her on that night in the fulfillment of an illicit engagement with another man.    He also undertook to impeach the credibility of this witness by proof of specific and independent immoral acts.    The court excluded all this evidence, and its action, in so doing, is the chief ground of complaint.

I.    The criminality of the act of which defendant was accused did not depend upon the character or reputation of the female defiled as in the case under section 3486 in a prosecution for seduction; nor does it depend upon the want of consent on the part of the girl to the act of defilement as in case of rape.    R. S. 1889, sec. 3487; *State v. Willoughby,* 76 Mo. 216.

The purpose of the law was to prevent guardians, employers and others occupying confidential relations to girls of tender years from abusing such confidence. The crime consists in the act of defilement.    Neither a subsequent engagement to meet another person for illicit purposes, nor going home at night because detected therein, or for whatever cause, was a defense to, or excuse for, the commission of the offense with which defendant was charged.    These were merely collateral and immaterial issues introduced into the case by defendant in cross-examination of the witness, and upon them her testimony could not be contradicted.    Whart. Crim. Ev. [9 Ed.] sec. 484.

II.    Neither was evidence of specific and independent immoral acts admissible for the purpose of impeaching her credibility as a witness; "only evidence of a general character regarding veracity is allowed for that purpose, and specific charges cannot be preferred as the

witness is not presumed to be prepared to repel such attacks." *Seymour v. Farrell,* 51 Mo. 97; *State v. Grant,* 76 Mo. 236.

Soon after the alleged act of defilement the father of the girl accused defendant of its commission. Defendant at the time made no direct and positive denial; on the charge being repeated defendant answered: "Drop it, and don't say any more about it." We think it entirely legitimate for the prosecuting attorney to criticise this language and conduct in his argument to the jury. When one accused of crime wholly or partially admits the truth of the charge, then both the accusation and the reply are competent evidence. Whart. Crim. Ev., sec. 679, and note; *Com. v. Brown,* 121 Mass. 69. The answer and conduct of defendant might well have been construed into an admission of the charge, and any argument legitimately drawn therefrom could with entire propriety have been made to the jury. The objection of misconduct on the part of the attorney for the state, in making such argument, was properly overruled.

These are the points insisted upon by defendant's counsel for reversal none of which, we think, were well taken. An examination of the whole record discloses no error. Judgment affirmed. All concur.