THE STATE v. GLENN HARMON, Appellant.—296 S. W. 397.

Division Two, June 3, 1927.

1. ARRAIGNMENT: Information Withdrawn and Refiled. Defendant having been arraigned under the original information and entered a plea of not guilty, and an amended information having been filed and withdrawn, and the original information refiled, upon which he was tried, after announcing ready for trial, a rearraignment was not necessary.

2. INFORMATION: Robbery. An information charging robbery by violence and by putting in fear, in the conjunctive, is not defective. The statute (Sec. 3307, R. S. 1919) defines only one offense, but it may be committed in more than one way, and to connect the violence and the putting in fear in the information by the use of the conjunction "and" is appropriate where the evidence shows both.

3. ASSIGNMENTS: *Admission of Evidence.* An assignment in the motion for a new trial that the court erred in the admission of evidence offered by the State saves nothing for review, under new Section 4079, Laws 1925, page 198, which provides that the motion must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds of the error.

4. ———: Instructions. An assignment in the motion for a new trial that the court erred in giving certain instructions and in refusing certain others, without pointing out wherein those given were erroneous, or wherein those refused were necessary and proper in advising the jury as to the law of the case, saves nothing for review on appeal.

5. WITNESS: Impeachment: Immorality. Evidence of the general reputation of a female witness for chastity and morality is admissible; but her character cannot be impeached by proof of specific or particular acts of immorality or wrong-doing.

6. EVIDENCE: Incompetent: Exclusion: Repetition. Repeated proffers of incompetent evidence, after objections thereto have been sustained and exceptions saved, are improper and unnecessary.

**7. ARGUMENT TO JURY: Reply to Adversary.** Remarks by the prosecuting attorney in his closing argument .to the jury, which are in direct reply to remarks and suggestions made by defendant's counsel in addressing the jury, are not erroneous.

**8. ———: Dirty Dog: Circumstances: Minimum Punishment.** For the prosecuting attorney in his argument to the jury to speak of defendant as a "dirty dog" and "a mightly low-down creature" is improper, and an objection to such remarks should be sustained and the prosecuting attorney should be reprimanded for making them. But whether they are reversible error depends upon the facts and circumstances of the case. And where at the time they were made the prosecuting attorney was emphasizing the evidence tending to show the brutal manner in which the robbery was committed, and counsel for defendant had attacked the character of the victim of the assault and the State's principal witness in such manner as to invite a vigorous counter attack on defendant in reply, and the evidence clearly and positively establishes defendant's guilt, and the jury assessed the minimum punishment prescribed for the crime charged, the improper remarks cannot be held to be so harmful or prejudicial as to warrant a reversal.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2232, p. 893, n. 14; Section 2259, p. 910, n. 62; Section 2261, p. 911, n. 74; 17 C. J., Section 3350, p. 89, n. 65; Section 3351, p. 91, n. 76; Section 3444, p. 161, n. 63; Section 3638, p. 298, n. 21. **Indictments and Informations,** 31 C. J., Section 325, p. 764, n. 34. **Robbery,** 34 Cyc., p. 1808, n. 78. **Witnesses,** 40 Cyc., p. 2601, n. 37; p. 2605, n. 55.

Appeal from Jasper Circuit Court.—*Hon. S. W. Bates,* Judge.

AFFIRMED.

*C. E. Prettyman, Jr.,* for appellant.

(1) Conviction based on suspicion cannot be upheld. State v. Keltner, 278 S. W. 825; State v. Capps, 278 S. W. 695. (2) Appellant should have had another preliminary, as amended information makes material change in the charge. State v. Carey, 278 S. W. 719. (3) Prosecutor should not express belief in defendant's guilt. State v. Midkiff, 278 S. W. 681. (4) The remarks of prosecuting attorney objected to were prejudicial. State v. Trent, 278 S. W. 676. (5) Arraignment is necessary. State v. Lewis, 278 S. W. 706. (6) Evidence must show guilt beyond a reasonable doubt. State v. Hall, 70 Mo. App. 143; State v. Alexander, 184 Mo. 266; State v. Miles, 174 Mo. App. 181. (7) The verdict was poisoned and prejudiced. State v. Jones, 191 Mo. 653. (8) The verdict shows bias, partiality and prejudice against the defendant, and not that careful weighing of facts in evidence which should characterize the deliberation of the jury. State v. Williams, 191 Mo. 205; State v. Jones, 191 Mo. 653; State v. Hunt, 91 Mo. 490; State v. Lowe, 97 Mo. 549; State v. Glahan, 97 Mo. 679; State v. Brimm, 98 Mo. 368; State v. Ballard, 104 Mo. 634; State v. Mahan, 138 Mo. 113; State v. Shackelford,

148 Mo. 493; State v. Johnson, 234 S. W. 794. (9) The remarks of prosecuting attorney were prejudicial. State v. Burns, 286 Mo. 665; State v. Davis, 217 S. W. 91; State v. Repley, 213 S. W. 480.

*North T. Gentry,* Attorney-General, and *L. Cunningham,* Assistant Attorney-General, for respondent.

(1) Formal arraignment is not required to be shown by the record. The record shows announcement of both parties as ready for trial. The defendant going to trial was equivalent to a waiver of formal arraignment. Sec. 3958, Laws 1925, p. 196; State v. Roberts, 294 Mo. 284. The original information on which defendant had been arraigned was refiled and defendant was tried thereunder. State v. Sovern, 225 Mo. 580. The question of a preliminary examination was not raised and should be disregarded, but defendant waived a preliminary examination. State v. Boone, 289 S. W. 577. (2) The court properly sustained the State's objections to questions of the defendant directed to specific acts of moral delinquency of witness Marcel Lamar. State v. Lasson, 292 Mo. 155; State v. Cox, 263 S. W. 218. (3) The instructions covered every element of the offense and fairly submitted the issues to the jury. If there were any errors, the motion for new trial is not sufficient to preserve them for review. Sec. 4079, Laws 1925, p. 198. (4) The remarks of the prosecuting attorney complained of were made in answer to argument of defendant's counsel. The trial court heard what was said and his action should be sustained unless there is an abuse of discretion clearly shown. The remarks complained of would not warrant the granting of a new trial. They were a legitimate comment on the evidence and the inferences to be drawn therefrom. State v. Midkiff, 278 S. W. 681; State v. Peake, 292 Mo. 264, 237 S. W. 466; State v. Gallagher, 222 S. W. 468; State v. Whit, 299 Mo. 610; State v. Lloyd, 263 S. W. 214; State v. Affronti, 238 S. W. 106.

HENWOOD, C.—The information charges appellant and one Paul Smith, jointly, with first degree robbery, but appellant has been tried twice alone. After one mistrial, he was convicted and his punishment assessed at imprisonment in the penitentiary for five years. Judgment and sentence followed accordingly, and thereafter he was granted an appeal.

At about three o'clock in the afternoon of October 15, 1925, appellant and Paul Smith registered and were assigned to room "Number. Two" in a rooming house conducted by a woman, known as Billy Schagel, at 115½ West Ninth Street in the city of Joplin, Missouri. Marcel Lamar was employed there as maid or housekeeper. Billy Schagel "was dressing to go down town" and as

appellant and Smith were going through the hall she stepped out and said, "Well, hello, Glen." When about ready to start down town she took $45 in paper money from her purse and placed it in one of her stockings, which was rolled below her knee, and went to room "Number Two" to collect her room rent. A few minutes later Marcel Lamar, who was then in the kitchen, heard her screaming, and heard her say: "Help. He is trying to kill me." As she hurriedly entered that room Paul Smith rushed past her and went downstairs. She found Billy Schagel on the floor and heard her say, "Glen, take my money, but dont beat me up." Appellant had one hand in her stocking and a pitcher in his other hand. He said: "Dead men tell no tales" and hit her over the head with the pitcher. "Blood was coming out of her mouth, well, she had blood all over her." Appellant took the money from her stocking and put it in his left hip pocket. Then looking up and seeing Marcel Lamar in the room he said: "Oh, are you here too?" and then hit her in the mouth and in one eye and knocked her down, and kicked her in her face and mouth and head, and the last thing she remembered was Billy Schagel trying to get to the stairway.

The above recital of facts is the testimony of Marcel Lamar, in substance, given at the trial of this case.

Billy Schagel was not present at the trial. She had left Joplin, but her whereabouts at that time is not disclosed by the record.

The testimony of other witnesses for the State tends to show that appellant left the rooming house in a wild and desperate flight, with Billy Schagel joining in the chase, "screaming and hollering and all bloody;" and that to the man in the front door of the shop downstairs she said, "That fellow has robbed me," and, as "they came down the alley and run into the tin shop," she was saying, "Stop him; stop him;" and that after much excitement and much effort on the part of volunteers in the neighborhood, Johnny West "checked his speed" and John Parker "brought him down and held him" until the arrival of the police officers, Caylor and Ford; and that when Billy Schagel and Marcel Lamar "came up," one of them said, "He has got my money in his left hip pocket;" and that, in their presence and in the presence of others, officer Caylor took $45 in paper money from appellant's left hip pocket.

It does not appear from the record whether or not Paul Smith was present at the trial or whether or not he was ever prosecuted on this charge.

On behalf of appellant several witnesses testified that the general reputation of Marcel Lamar for chastity and morality was bad. And on this evidence appellant rested his defense.

Nineteen separate assignments of error are included in the motion for new trial, but many of these assignments relate to the same legal

proposition, and we will so group them for the purpose of this discussion.

I. Appellant first complains of his conviction on the grounds that he was not arraigned and did not plead to the information on which **Arraignment.** he was tried, and that he at no time answered ready for trial, but objected to being placed on trial on said information, asserting that the trial court erred "in failing to permit or requiring" him to plead and "in forcing" him to trial.

A careful examination of the record shows that appellant, in due course, waived a preliminary hearing before a justice of the peace of proper jurisdiction, on this charge, and that he was thereafter formally arraigned in the Circuit Court of Jasper County and entered a plea of not guilty to the information on which he was tried. The record further shows that both parties announced ready for trial. It does appear that the State filed an amended information, but it also appears that the same was withdrawn and the original information refiled.

Of course, appellant's assertions of no arraignment and no plea have no standing in the face of these plain recitals of the record. And the contention that a rearraignment was necessary upon the withdrawal of the amended information and the refiling of the original information, on which he had once been arraigned, is wholly without merit. [Stat. of Jeofails; Sec. 3853, R. S. 1919; State v. Sovern, 225 Mo. 580.]

II. Next, appellant challenges the information and insists that his motion to quash the same should have been sustained. In this **Information.** contention, also, we fail to find any merit. The information follows the language of the statute (Sec. 3307, R. S. 1919) and covers all essential elements of the offense of robbery from the person. It is true that the information charges that this robbery was committed both by "violence to" and by "putting in fear" the victim of the offense, but, as we have repeatedly held, this form of pleading is permissible where the pleader uses the conjunctive conjunction *and* in charging both of the ways in which this offense may be committed. This, for the reason that the statute defines but one offense, though it may be committed in more than one way. [State v. Flynn, 258 Mo. 211; State v. Eddy, 199 S. W. 186; State v. McCullough, 289 S. W. 811; State v. Hahn, 289 S. W. 845; State v. Holmes, 289 S. W. 904.] While no information so drawn can be said to have been done with precise care, its form was not altogether inappropriate in this case, where the undisputed evidence shows the use of brutal force, attended by extraordinary fear on the part of the person assaulted.

III. Appellant makes a *general* complaint against the rulings of the trial court in the admission of evidence offered by the State. This assignment of error in the motion for new trial did not advise

**Assignment.** the trial court with any particularity whatsoever as to the evidence complained of. The 1925 session of the Legislature ended the long continued use of "masked batteries" in motions for new trial in criminal cases by the enactment of new Section 4079 of our statutes. This section provides that the motion "must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor." [Laws 1925, p. 198.] The plain purpose and intention of the law-making body in providing for this much needed relief has been given full force and effect in many recent decisions of this court. [State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859; State v. Vesper, 289 S. W. 862.] It follows that nothing is presented for our review on this complaint.

IV. The motion for new trial does preserve for our consideration the action of the trial court in excluding evidence as to particular or specific acts of moral delinquency on the part of

**Impeachment.** the State's chief witness, Marcel Lamar. Appellant was properly permitted to offer evidence as to the *general reputation* of this witness for chastity and morality. With this he exercised his full legal rights along this line. It is an elementary rule of law in this State that the character of a witness cannot be impeached by proof of specific or particular acts of immorality or wrongdoing. [State v. Rogers, 108 Mo. 202; State v. Gesell, 124 Mo. 531; State v. Cox, 263 S. W. 215.] This rule is quite uniform in other jurisdictions. [28 R. C. L. 623.]

The repeated proffers of this outlaw evidence by appellant's counsel at the trial, after objection to the same had been sustained and exception saved in the first instance, were highly improper and should not have been tolerated by the trial court. Attorneys should be left free to fully protect the interests of their clients in tenders of proof and in all other matters, but due respect for the records of our courts should restrain them from making useless and unnecessary proffers of evidence which has been once definitely excluded; and especially where the evidence proffered is vile and obscene, as in this case.

V. The demurrers to the evidence and the contention that the evidence is not sufficient to support the verdict are not worthy of our serious consideration. As above shown, the evidence es-

**Sufficient Evidence.** tablishes every essential element of the felony charged, clearly and positively, and letting it stand, as appellant did, without offering anything in contradiction, it was hardly susceptible of any conclusion other than the one reached by the jury.

VI. As another ground for a new trial appellant contends that "the court erred in giving Instructions 1, 2, 3 and 4," and "in refusing to give Instructions 5, 6, 7, 8 and 9, each of them, as requested by the defendant." Wherein the given instructions are erroneous or why the refused instructions were necessary and **Instructions.** proper in advising the jury as to the law of the case, appellant did not even undertake to point out. Under the new statute above mentioned, as construed by this court in the recent cases cited, it is at once apparent that the question of instructions is foreclosed and, therefore, not here for review.

VII. Appellant finally complains of improper remarks by the prosecuting attorney in his closing argument to the jury. It plainly appears on the face of the record that many of the **Argument** remarks objected to were in direct reply to certain re**to Jury.** marks and suggestions of appellant's counsel in addressing the jury. This was proper argument on the part of the prosecuting attorney and the trial judge who heard all of the addresses to jury and observed all of the incidents of the trial so ruled.

The only other remarks objected to were references by the prosecuting attorney to appellant as "a dirty dog" and "a mighty lowdown creature." These remarks were improper and the trial court should have sustained the objection to the same and reprimanded the prosecuting attorney as requested. Applying unbecoming names or epithets to a man or woman on trial is never excusable. This court has always looked with disfavor on this kind of conduct on the part of a prosecutor and in many instances held such conduct sufficiently prejudicial to constitute reversible error. However, this is a question which must, in each instance, be considered in connection with the nature of the case, all the facts and circumstances in evidence and all of the incidents of the trial, including the conduct of defending counsel. At the time these references were made to appellant the prosecuting attorney was emphasizing the evidence tending to show the brutal manner in which alleged robbery was committed. While the remarks of appellant's counsel in his argument to the jury are not preserved in the record, references thereto by both the court and prosecuting attorney indicate that his attack on the prosecuting witness, Marcel Lamar, and Billy Schagel, the other victim of appellant's assault, was of such a character as to invite a vigorous counter attack on appellant in reply. We have already given special attention to the improper conduct of appellant's counsel in repeating proffers of evidence which the court had ruled out and after the court had warned him against such repetitions. Taking the trial as a whole, the gravity of the offense charged, the character of the undisputed evidence and the standard of conduct adopted by counsel for

both sides, we are not convinced that these improper remarks of the prosecuting attorney could have been so harmful or prejudicial as to warrant us in reversing the judgment. In this conclusion, we are further sustained by the action of the jury in assessing the minimum punishment prescribed for this crime. This court was confronted with situations somewhat similar to this in the cases of State v. White, 299 Mo. 612; State v. Gallagher, 222 S. W. 468; State v. Strait, 279 S. W. 114.

The information is good in form and substance, the evidence is not only sufficient, but overwhelming, and, after a thorough examination, we find no error in the record proper. In accordance with these views, the judgment should be and is affirmed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.