THE STATE v. UEL RICHARDSON and EMMETT GALLIE, Appellants.—
46 S. W. (2d) 576.

Division Two, February 17, 1932.

*Frederick F. Wesner* for appellants; *E. W. Jones* of counsel.

*Stratton Shartel,* Attorney-General, and *Edward G. Robison,* Assistant Attorney-General, for respondent.

HENWOOD, J.—An information was filed in the Circuit Court of Henry County by which the defendants were jointly charged with murder in the first degree. They were tried together, and the jury found them guilty of murder in the first degree and assessed their punishment "at death." They were sentenced "to be hanged," and appealed in due course.

The defendants offered no evidence and do not challenge the sufficiency of the State's evidence, and we have concluded that the judgment must be reversed and the cause remanded because of the error of the trial court in overruling their application for continuance. So, for the purposes of this opinion, a general statement of the case made by the State will suffice.

From direct evidence adduced by the State, we gather the following:

Mrs. Elizabeth Neiman, the victim of the alleged murder, was about sixty years of age, and lived alone on a small farm, about three miles southwest of Windsor, in Henry County. On October 21, 1930, her brother-in-law and his son and another neighbor went to her house and found her dead body lying on the floor. Further investigation disclosed fractures of her skull at both temples, three or four deep wounds on her forehead and one on the top of her head, and considerable dried blood on the floor, "all around her head." She had been dead "from two to four days" at the time her body was found. The defendants (both Negroes) lived in Windsor. On October 18, 1930, they borrowed a horse and wagon, and drove from Windsor to Mrs. Neiman's farm, accompanied by a Negro boy, thirteen years of age. They left the boy with the horse and wagon at a point near Mrs. Neiman's house, walked in the direction of her house, returned in twenty-five or thirty minutes, and drove back to Windsor. From circumstantial evidence adduced by the State and alleged written confessions and other alleged extrajudicial admissions of the defendants, it appears that, when the defendants left the boy with the horse and wagon on the occasion mentioned, they went to Mrs. Neiman's house for the purpose of robbing her of her money; that they did rob her of thirty-odd dollars; and that, in perpetrating the robbery, one of them struck her on the head several times with an iron rod and killed her.

Omitting the caption, the defendants' application for a continuance reads as follows:

"Comes now the defendants and each of them and move the court to grant them a continuance in the above entitled cause to some later day, date or term of this court, for the following reasons, to-wit:

"1st. Because the defendants were arrested on Friday, October 24th, 1930, just seven days prior to this date 'October 31st, 1930, and when now and on this date said cause has been by this court set down for trial. That soon after arrest at or near Windsor, Henry County, Missouri, defendants were removed to Kansas City, Jackson County, Missouri, and placed in jail and held there until on the afternoon of Saturday, October 25th, 1930, at which time defendants were returned to Clinton, Henry County, Missouri, and without the advice of counsel waived a preliminary hearing and this cause was set down by the court for trial October 31st, 1930, this day; that immediately thereafter defendants were returned to Kansas City, Jackson County, Missouri, without opportunity to advise and consult with counsel and there or elsewhere lodged and held in jail until this date.

"2nd. Because the court appointed Hon. Charles A. Calvird, Jr., an attorney of the Clinton, Henry County, Missouri, bar to represent them along with Vance Julian of the Clinton, Henry County, Missouri, bar and neither said Vance Julian nor Charles A. Calvird, Jr., were called to consult with the defendants while they were in Clinton, Henry County, Missouri, and defendants have been out of the County and away from Clinton their whereabouts unknown to said Charles A. Calvird, Jr., and Vance Julian since their notice of appointment to represent them. Because said Charles A. Calvird, Jr., and Vance Julian have not had an opportunity to talk with or counsel and advise with the defendants at any time prior hereto nor have defendants had an opportunity to talk, advise and counsel with the said attorneys. Because the said Charles A. Calvird, Jr., has made no preparation to defend his cause and has heretofore filed his written refusal to proceed with the cause of the defendants. Because the said Charles A. Calvird, Jr., nor Vance Julian so appointed as attorneys for the defendants herein have not made any preparation for the defense and trial of the defendants and that no one for them nor in their behalf has acted in any capacity to protect their rights, that there have been no subpoenas, issued for and witness or witnesses to say ought for them or in their behalf and that it is now impossible to issue, serve and compel the attendance of any witness or witnesses in their behalf or for any issue of their cause. That during all of this said time defendants have been incarcerated in jail several miles from their home, friends and counsel so appointed by the court and their whereabout unknown to relatives, friends and counsel; held by the State of Missouri so on this particular charge and upon which now and at this time the State of Missouri seeks to put them on their trial.

"3rd. Because that now and only on the evening of October 29th, 1930, Frederick F. Wesner, an attorney of Sedalia, Pettis County, Missouri, has been by the relatives and friends of the defendants employed to represent them in this cause and that they have not had

an opportunity to see, talk with, advise and consult with said Frederick F. Wesner relative to their cause until on this morning October 31st, 1930, immediately prior to this cause being called for trial. The their said attorney Frederick F. Wesner has not had time or opportunity to investigate or inquire into the cause of defendants, nor as to the facts and circumstances of the cause and condition of the defendants. That he has not had an opportunity to advise and consult with them as to any defense that they may or might have or as to any witness or witnesses that should be interviewed or called on behalf of the defendants and that there is not now any time or opportunity to do so and that defendants are wholly unprepared for trial herein by reason of the shortness or time and the circumstances. That their attorney Frederick F. Wesner did not know where they were being held in jail until they were brought into the Court Room on this morning October 31st, 1930. That he was advised yesterday afternoon October 30th, 1930, upon inquiry from the Prosecuting Attorney of Henry County, Missouri, in the first place that the defendant Richardson was in jail in Johnson County, Missouri, at Warrensburg and that defendant Gallie was in jail in Kansas City, Jackson County, Missouri, some hundred miles removed from Clinton, Henry County, Missouri, and thereafter advised by the Prosecuting Attorney then and there and Mr. R. E. Feaster of Windsor, Missouri, that defendant Richardson was in jail in Kansas City, Missouri, and that the defendant Gallie was in jail in Warrensburg, Johnson County, Missouri, in either event neither defendant was to be found in Henry County, Missuri, on the afternoon of October 30th, 1930. That it is impossible for defendants or either of them to proceed to trial in this cause at this time by reason of the circumstances and conditions and by reason of the conduct of the officer of the State of Missouri and the denial of opportunity to be in a position to prepare for trial in the time lapsing from date of arrest to this date set for trial of this cause.

''4th. Because the defendants are now advised that the inhabitants of Henry County, Missouri, are bias and prejudice against them and that they cannot have a fair and impartial trial within Henry County, Missouri, and that this notice and information has just now and on this date October 31st, 1930, come to them and to the notice of their attorney Frederick F. Wesner, that it is now understood and is the talk on the streets and public places of Windsor, Clinton, and other towns of Henry County, Missouri, and in the adjoining counties that all of the businesses of Windsor, Mo., will be closed and that a petition has been circulated to close same for attendance of persons at the trial of defendants scheduled to be held in Clinton, Missouri, on this date and that it is general comment and opinion all over Henry County, Missouri, as to what punishment should be inflicted upon defendants and that they should be hanged and that they have

been threatened with mob violence and lynching. That the defendants should have a change of venue from Henry County, Missouri, that they cannot have a fair and impartial trial in Henry County, Missouri, on account of the bias and prejudice feeling of the inhabitants of said county and that on account of the feeling and circumstance it will take time and work to secure the necessary affidavits to support an application for a change of venue and that it is impossible at this time for the defendants to secure the necessary five affidavits from the different neighborhoods of Henry County, Missouri, and to perfect their application for a change of venue or to even advise and consider whether or not they can obtain a change of venue to some other county for trial of this cause.

"Wherefore the defendants and each of them pray the court that this cause be continued to some other date, day or term so that they can have an opportunity to place themselves in proper position and circumstances to defend themselves in this cause and for all, each and singular of the reasons stated and shall ever pray.

"EUAL RICHARDSON,
"EMMETT GALLIE.

"State of Missouri )
                   ) ss.
County of Henry.   )

"Uel Richardson and Emmett Gallie being first duly sworn and severally sworn upon their oaths according to law state that they have read and had read to them the foregoing application for a continuance herein and further state that all of the statements and allegations therein set out and contained are true and correct and that they are not prepared for trial and have had no opportunity to prepare for trial for all, and for each and all of the reasons stated.

"EUAL RICHARDSON,
"EMMETT GALLIE.

"Subscribed and sworn to before me this 31st day of October, 1930.
"(SEAL)                                    J. W. GRAY,
"Clerk of the Circuit Court,
"Henry County, Missouri.

"Filed Oct. 31, 1930.
"J. W. GRAY, Circuit Court."

The record, including the application for a continuance, shows that the defendants were arrested in Windsor, in the evening of October 24th, 1930, and taken to Kansas City for safe keeping; that, in the afternoon of the following day, October 25th, they were brought back to Clinton, the county seat of Henry County, where they were taken before a justice of the peace and waived a preliminary hearing, and were "held to the circuit court without bail," and committed for safe keeping, Richardson to the Jackson County jail and Gallie to the Johnson County jail; that, on the same day,

October 25th, the circuit court, sitting at its regular September Term, set this cause for trial on October 31st, ordered the sheriff to summons a special panel of jurors, and appointed Charles A. Calvird, Jr., and Vance Julian, of the Clinton bar, to represent the defendants; that, on October 27th, Mr. Calvird filed a written refusal to act as counsel for the defendants; that, on October 28th, the transcript of the justice of the peace and the information herein were filed in the circuit court; that, in the evening of October 29th, Frederick F. Wesner, of the Sedalia bar, was employed to represent the defendants; that the defendants were not brought back to Clinton until about eleven o'clock in the night of 'October 30th; that Mr. Julian did not appear as counsel for the defendants nor make any preparation for the trial; that Mr. Wesner had no opportunity to confer with the defendants until the morning of October 31st; that, in the morning of that day, he filed and presented their application for a continuance; that the court overruled the application for a continuance, but offered to "give" the defendants until one o'clock the next day to get ready for trial; that Mr. Wesner informed the court that it would be impossible for the defendants to prepare for trial within the time offered by the court; that the defendants were then arraigned, and, upon their refusal to plead, a plea of not guilty for each of them was entered by order of the court; and that the cause then proceeded to trial, over the objections and protests of Mr. Wesner.

While an application for a continuance is addressed to the sound discretion of the trial court, the application and the ruling of the trial court thereon are reviewable on appeal, and our appellate courts will not permit the judgment to stand if it is apparent that the trial court exercised its discretion unsoundly or oppressively. [State v. Lewis, 9 Mo. App. 321; State v. Flick (Mo. App.), 179 S. W. 768; State v. Lambert (Mo. App.), 262 S. W. 58; State v. Lewis, 74 Mo. 222; State v. Maddox, 117 Mo. 667, 23 S. W. 771; State v. Hesterly, 182 Mo. 16, 81 S. W. 624; State v. Wade, 307 Mo. 291, 270 S. W. 298.] In this instance, the trial court operated its machinery too rapidly. It set this case for trial and undertook to make all arrangements for the trial three days before it acquired jurisdiction of the case, and forced the defendants to trial within seven days after they were arrested, notwithstanding the fact that they had been afforded no opportunity to prepare for the trial. In refusing to allow them a reasonable opportunity to prepare their defense, the trial court deprived the defendants of their right to a fair and impartial trial, and the judgment and sentence of the trial court, if executed, would deprive the defendants of their lives without due process of law. Therefore, it seems hardly necessary to say that the trial court exercised its discretion unsoundly and oppressively in overruling the defendants' application for a continuance. [See rulings based on sim-

ilar facts in State v. Lewis, State v. Flick, and State v. Lambert, supra.] Of course, speedy trials and prompt execution of the judgments of courts are desirable, but, if the time ever comes when they may be obtained by a disregard of well-established principles of law, then life, liberty and property will no longer be secure. "Surely it is better that justice travel with leaden foot, rather than that she should walk rough-shod over the constitutional rights of citizens." [State v. Guerringer, 265 Mo. l. c. 418, 178 S. W. l. c. 67.]

The other complaints of the defendants relate to matters which are not likely to occur at another trial of the case.

The judgments entered against the defendants are reversed and the cause remanded. All concur.