THE STATE v. CARTER PYLE, Appellant.—123 S. W. (2d) 166.

Division Two, December 20, 1938.

*Harry Seneker* and *Dale Tourtelot* for appellant.

878

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

BOHLING, C.—Carter Pyle, of negro blood, appeals from a judgment imposing a sentence of ninety-nine years' imprisonment for forcibly ravishing (see Sec. 3999, R. S. 1929, Mo. Stat. Ann., p. 2801) a white girl of the age of twenty years.

Defendant questions the sufficiency of the evidence, contending that certain isolated facts (some of which were not disputed by defendant) established by the State's case are unworthy of belief. As will appear hereinafter, there was substantial testimony supporting the verdict and it is unnecessary to develop defendant's contention. The act of intercourse stands admitted. Defendant testified it was with the consent of the prosecutrix. The State's case was that it was accomplished by means of force. Prosecutrix's testimony was to the effect she had attended a sick friend and departed for her home about 1:30 A. M. on the morning of May 15, 1937; that as she proceeded home an automobile drew up and the driver asked permission to take her home; that she refused, kept on walking and the automobile continued along the curb; that the automobile stopped, a person, whom she recognized to be a negro, leaped out and knocked her down; that she fought, hallooed, and begged him to let her go; that he dragged her behind some shrubbery; that she was hit and choked; that when she tried to tell him he was killing her, he would choke her harder; that "he choked me unconscious;" that when she regained consciousness she was in the automobile; that thereafter

the automobile stopped on a deserted road; that defendant twisted her arm and otherwise abused her; that she was exhausted, frightened and nervous; that defendant said he would kill her if she told of her experience; that he put something down the front of her dress and said there is $4, that ought to pay the damages and make you keep your mouth shut; that she departed without her shoes or purse; that she walked home in her stockings; and that 'she immediately made complaint and took the money out of her dress and threw it on the dresser—it consisted of three one dollar bills. Prosecutrix also testified to bruised places on her arms, legs and body. Her testimony was corroborated. Witnesses testified, with respect to her condition that night, that, among other things, one of prosecutrix's eyes was blood red; that there was a large bruise on her cheek, a bruise on her forehead and finger and thumb marks on her throat; and also that prosecutrix's shoes and purse were found in defendant's automobile at the time of his arrest. Defendant's argument is one for the triers of the fact and their finding against defendant is amply sustained by the evidence. [State v. Wilkins (Mo.), 100 S. W. (2d) 889(1); State v. Catron, 317 Mo. 894, 899(I), 296 S. W. 141, 143(3, 4).]

█ Mr. Seneker, defendant's counsel, on the morning of the trial date, filed an application for a continuance based on the ground counsel had not had sufficient time to properly prepare for trial. This was overruled. Defendant was a resident of Carthage. The crime was committed and defendant was arrested on May 15, 1937, in Jasper County. Prosecutrix resided in Carthage. We understand from the record that defendant was confined in the jail of an adjoining county and approximately twenty minutes distant by automobile from the place of trial; that parties were privileged and permitted to interview defendant at said jail; that defendant was in communication with relatives and at least one attorney, who, however, did not appear, conferred with defendant and made some investigation on his behalf before arraignment; that defendant was returned to Jasper County on June 6th and Mr. Seneker conferred with defendant on the 7th; and that on June 7th the case was set for trial on June 14th. The application might have been sustained. However, this was a matter resting largely in the discretion of the trial court. [State v. Jackson, 340 Mo. 748, 755(1), 102 S. W. (2d) 612, 616(1); State v. Wilson (Mo.), 242 S. W. 886, 887(2).] The application stated diligence was exercised but failed to state the facts showing diligence. [State v. Schooley, 322 Mo. 234, 241, 14 S. W. (2d) 628, 631(1).] It did not state what facts, if any of value to defendant, would become thereafter but were not then available or any fact disclosed to said attorney by defendant that could not

be established by evidence then available. The court remarked that if defendant had made a request for counsel when arraigned the court would have appointed counsel to represent him on the first day of the term; and that if, in the circumstances, the defendant delayed employing counsel the responsibility was the defendant's and not the court's. Further, giving consideration to the better opportunity afforded the trial court for knowledge of the facts involved, we think we may not say an inference from the record that defendant had from May 15 to secure counsel and prepare for trial was not warranted, or, if unable to secure counsel, that defendant was chargeable with his failure to promptly advise the court of his inability to secure and his desire to have the court appoint counsel. [State v. Inks, 135 Mo. 678, 686, 37 S. W. 942, 944; State v. Weber (Mo.), 188 S. W. 122, 127(3); State v. Messino, 325 Mo. 743, 761(III), 30 S. W. (2d) 750, 758(III).] In State v. Richardson, 329 Mo. 805, 46 S. W. (2d) 576, defendants were confined in a distant jail or jails; their whereabouts were unknown to relatives, friends and counsel; and their first real opportunity to confer with counsel was on the day of trial. Such is not the instant record.

▮ Defendant assigns error in the denial of his application for a substitute judge under Section 3648 et seq., Revised Statutes 1929 (Mo. Stat. Ann., p. 3202). The application was first presented to the court at 5 P. M. on the first day of the trial proceedings, and after the court, at the request of the attorney who had been appearing for the defendant, appointed an attorney, who appeared to assist in the defense, and after the *voir dire* examination of the jury had been completed; and after counsel had agreed that the State should make its strikes on or before 9 A. M. and defendant his strikes by 10 A. M. on the following morning. We are in full accord with the cases relied upon by defendant to the effect that when an accused timely presents a proper application for the substitution of another judge, the challenged judge may exercise no discretion with respect to the merits of the application [State v. Irvine, 335 Mo. 261, 266, 72 S. W. (2d) 96, 99(1), and cases cited; State v. Creighton, 330 Mo. 1176, 1195, 1196, 52 S. W. (2d) 556, 562(7, 8, 10), and cases cited]. Under the authority of State v. Davis, 203 Mo. 616, 618, 622, 102 S. W. 528, 529, defendant's application was not timely. In the Davis case, after the State announced ready, the defense requested time to prepare an application for continuance, which was granted. The court, however, ascertained defendant was preparing an application for the substitution of another judge, proceeded to call the case for trial, notified defendant, swore the jury to answer questions and the State had finished its examination when defendant first presented his application. This court sustained the trial court's

overruling of the application. The reasoning of State v. Lehman, 182 Mo. 424, 443, 81 S. W. 1118, 1123, 66 L. R. A. 490, 496, 103 Am. St. Rep. 670, 681, in discussing an application for change of venue based on local prejudice, is applicable, viz.: "If the right can be maintained, after the announcement is made and jurors are being selected to try the cause, then upon the same principle it would exist at any time during the progress of the trial before a verdict was returned."

■ The court did not err, as contended by defendant without citation of authority, in excluding testimony offered by the defense in chief to establish specific acts of misconduct on the part of the prosecutrix for the stated purpose of impeaching prosecutrix as a witness. [See State v. Taylor, 320 Mo. 417, 428(I), 8 S. W. (2d) 29, 34 (2-4); State v. Hewitt (Mo.), 259 S. W. 773, 781(12); and on admissibility of such testimony in general: State v. White, 35 Mo. 500, 501; State v. Williams, 335 Mo. 234, 240(V), 71 S. W. (2d) 732, 735(7, 8); State v. Harmon, 317 Mo. 354, 359(IV), 296 S. W. 397, 399(6).]

■ Complaint is made that a given instruction informed the jury "they should not listen to the argument of the defense counsel" and that the instruction was given at the close of the opening argument for the defense. No authority is cited to sustain the contention. The instruction did not tell the jury "they should not listen to the argument of the defense counsel;" but advised the jury that remarks by counsel addressed to the court or opposing counsel or remarks addressed by the court to counsel were not to be considered as evidence. The court remarked that the giving of the instruction was occasioned by matters occurring during the argument of defendant's counsel; and, as we read the record, the court had reference to remarks exchanged when counsel undertook to argue matters not of record. We perceive nothing of record upon which to base error. [Consult State v. Mace (Mo.), 278 S. W. 718, 719(4).]

■ Complaint· is made of the refusal of defendant's instruction to the effect that the defendant was "part negro" and the prosecutrix a "white girl;" and that in arriving at their verdict, the jury should accord defendant the same fair consideration it would accord a white man. Defendant says a negro defendant is entitled to such an instruction, but, citing no authority whatever, refers us to no case holding the refusal of such an instruction constitutes reversible error. Defendant was privileged to inquire upon the *voir dire* examination of the jurors as to any possible racial prejudice the prospective jurors might have. [See annotation 73 A. L. R. 1208.] The instruction is cautionary in its nature, singles out for comment a portion of the evidence, and, in the absence of authority (our

search has revealed no case holding the refusal of a similar instruction to be reversible error), we are not willing to hold the court committed reversible error. In civil proceedings such instructions rest largely within the discretion of the trial court. To sustain defendant's contention in the instant case would, under like reasoning, require the giving of similar instructions based upon a number of factors (for instance: sex, religious or political beliefs, etc.) whenever counsel conceive a possibility that prejudice might exist.

There is no showing of record to sustain defendant's request, interposed during the closing argument, that a mistrial be declared on the ground of misconduct on the part of the audience. The court remarked that the statement upon which the request was based did not reflect the true facts, was incorrect and not justified. In this connection we remark that aside from the punishment assessed, which is within the limits allowed by law, there is nothing of record on which to base prejudice on the part of the jury; and, considering the State's testimony, that factor does not establish prejudice.

The assistant prosecuting attorney, after reviewing the testimony and informing the jury they, as representatives of the State, had tried to fairly present the testimony in the case, closed with the remark: "Gentlemen of the jury, as we see this case in all of its circumstances and details and the way in which this offense was committed, we, as representatives of the State, are firmly convinced that there can only be one proper and righteous verdict in this case." The statement contains no reference to an individual opinion founded upon matter outside of the record; and considered in the light of what immediately preceded, as well as the argument as a whole, it is apparent this summing up was based on the facts presented in evidence theretofore discussed, and was not improper. [State v. Blackmore, 327 Mo. 708, 717(3), 38 S. W. (2d) 32, 36(8); State v. Fitzsimmons, 338 Mo. 230, 235(5), 89 S. W. (2d) 670, 673(7); State v. Francis, 330 Mo. 1205, 1212(6), 52 S. W. (2d) 552, 555(5); State v. Emory, 79 Mo. 461, 463(IV).]

Counsel make no complaint of any matter of record proper, and our review thereof discloses no reversible error.

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.