**STATE of Missouri, Respondent,**

v.

**Alvin ROSS, Appellant.**

**No. 50008.**

Supreme Court of Missouri,

Division No. 2.

Feb. 10, 1964.

Alvin Ross, pro se.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Edward A. Glenn, Sp. Asst. Atty. Gen., Louisiana, Mo., for respondent.

PRITCHARD, Commissioner.

Defendant was convicted by a jury of the offense of operating a motor vehicle without the permission of the owner thereof. Sections 560.175 and 560.180. (All statutory references herein mentioned are to RSMo 1959, V.A.M.S.) Defendant was also alleged to have had previous convictions of eleven different felonies, a finding thereof having been made by the court outside of the hearing of the jury, and after the verdict of the jury, of which defendant was informed, and allocution was had, a sentence of four years' imprisonment in the State Penitentiary was pronounced upon defendant by the court in accordance with the Habitual Criminal Act. Section 556.280. Defendant was given credit for his jail time spent prior to sentence.

Defendant is acting as his own counsel on this appeal. While he had counsel (the Public Defender) appointed by the court for him during the trial, the after-trial motion, which was overruled, was prepared and timely filed by defendant acting in his own behalf.

The brief filed by defendant pro se here is wholly insufficient under Supreme Court Rule 83.05(e), V.A.M.R., which provides:

"The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

Defendant's entire brief deals very abstractly with what he says constitutes an

improper oral comment by the court on the instructions and evidence and the giving of oral instructions to the jury on the law of the case. However, from our search of the transcript we find that none of these things occurred. The instructions were in writing, Supreme Court Rules 26.02(6), 26.09, V.A.M.R., and these writings were properly read to the jury by the court at the close of the evidence and prior to argument by counsel. It may be that this reading of the instructions led to defendant's claim in his brief. If so, the contention is without merit.

■ In the case of State v. Russell, Mo., 324 S.W.2d 727, loc. cit. 729 [1], a case involving alleged procedural errors similar to those claimed by defendant, the court said:

"Following the overruling of his (defendant's) motion for new trial and sentence, he has appealed. He was represented in the trial court by court appointed counsel. In this court, however, he has filed a brief *pro se* which, although revealing an extensive acquaintanceship with criminal procedure, pays little heed to the valid assignments in his motion for new trial. See S.Ct. Rule 27.20, 42 V.A.M.S. We shall review the valid assignments in the motion for new trial and make use of the brief to the fullest extent possible. S.Ct.Rule 28.02."

See also State v. Pilkinton, Mo.App., 310 S.W.2d 304, 306 [1], and State v. Mace, Mo., 295 S.W.2d 99, 101.

We shall in this case review defendant's properly raised assignments of error in his motion for new trial.

None of defendant's assignments of error in his motion for new trial preserves anything for appellate review except assignment No. 2. That is to the effect that the attorney, Jack Carr (Koehr), appointed by the court on the 13th day of December, 1962, to represent the defendant, was denied his motion for a continuance to give the defense attorney a reasonable time to prepare a defense on behalf of defendant.

An examination of the transcript shows that the matter arose as follows: On December 13, 1962, the day of the trial, Mr. James A. Bell appeared as counsel for defendant. He stated to the court, outside the hearing of the jury and in chambers, that the defendant had requested that counsel be waived, that he would like to handle his own case, that he did not want this particular counsel, and that counsel (because of difficulties with defendant's conduct during the impanelling of the jury) had developed the same attitude toward defendant. Counsel then requested to be relieved of the responsibility of defending the defendant.

It further developed that upon being appointed as defendant's counsel (defendant was arraigned and counsel appointed on October 24, 1962), defendant was visited by counsel in the county jail on one occasion only, at which time defendant would not cooperate and did not give counsel the names of two witnesses whom defendant said, on the day of trial, he wanted subpoenaed. Counsel did not see defendant thereafter until the day of trial, and the record is silent as to whether anything was reported in the interim to the court of this situation. Defendant remained in jail all of this time. Defendant told the court on the trial date that he did not want Mr. Bell as his counsel, that he wanted a jury trial and another attorney, but that he had no money. The court then relieved Mr. Bell of the appointment, and immediately summoned and appointed Mr. Jack Koehr, Public Defender, to represent defendant, after which the court was in recess from 12:10 P.M. to 2:00 P.M.

Mr. Koehr then made an oral request for a continuance in this matter upon the ground that the defendant did not feel that he had an adequate time with his counsel to prepare a defense in this matter. Defendant himself stated to the court he needed time to prepare the defense, to try to locate

a witness (one who was with him when he was arrested, and defendant mentioned he also wanted as a witness the warden of the workhouse). The court advised defendant that the processes of the court would be available to him in the subpoena of witnesses. After further colloquy involving the court, counsel and the defendant, the request for continuance was denied and the trial proceeded. The state rested its case, and defendant offered no evidence in his own behalf.

Supreme Court Rule 29.01, V.A.M.R. (as effective at the times herein mentioned), provides:

"* * * If the defendant so requests, and if it appears that the defendant is unable to employ counsel, it shall be the duty of the court to appoint counsel to represent him. * * * Counsel so appointed shall be allowed a reasonable time in which to prepare the defense. * * *"

 It is the general rule that the granting or refusing of an application for a continuance rests within the sound discretion of the trial court. State v. Belleville, Mo.App., 362 S.W.2d 77; State v. White, Mo.App., 313 S.W.2d 47. The action of the trial court with respect to the requested continuance is subject to appellate review. State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595, 596. Upon such review, each case must be judged upon its peculiar facts when the propriety of the granting or refusal of a request for continuance is challenged. State v. Maddox, 117 Mo. 667, 23 S.W. 771, 775.

 In this case the trial court did not abuse its discretion in refusing defendant's oral request for continuance in order that he might have time to prepare for trial for the reason that the whole situation was caused or was contributed to by defendant's own conduct with respect to his first appointed counsel, Mr. Bell. Annotation, 66 A.L.R.2d 304. Defendant therefore has no ground to complain of the trial court's refusal of the continuance. Apparently, defendant was not satisfied with his appointed counsel, and so informed him on the first attempted conference of counsel with defendant, at which time he refused to give counsel the names of witnesses he desired to be called. Defendant reported none of this to the court which he could have done through the officers of the court, he being in custody. It is true that Mr. Bell, the first appointed counsel, told defendant at the conclusion of the first attempted conference that he would not be back to see him, but this counsel did appear with defendant in court on the day of trial, at which time the defendant, even while impanelling the jury, insisted on making certain derogatory remarks, talking loud in counsel's ears so counsel could not hear what was going on, and defendant at this time emphatically told his counsel and the court that he did not want Mr. Bell to represent him.

There was here no explanation of why defendant did not want his first proffered counsel, and from this record there appears no good reason by which defendant would have been justified in discharging such counsel who was not guilty of any misconduct. There is nothing in this case which would bring it within the cases of State v. Richardson, 329 Mo. 805, 46 S.W.2d 576; State v. Kauffman, 329 Mo. 813, 46 S.W.2d 843; and State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595, in all of which the defendants were not at fault in creating situations whereby they were not prepared for trial on the eves thereof. Under these circumstances, defendant has wholly failed to demonstrate (or even to allege) any reason which would excuse him from cooperating with his willing first appointed counsel and timely preparing for trial, said counsel having afforded him the opportunity to do so. State v. Clary, Mo., 350 S.W.2d 809. Nor does the defendant in any way demonstrate that the result of this trial would have been different had he been granted the requested continuance. 66 A.L.R.2d 318. This assignment of error is overruled.

Upon this record, and concerning the matters which we have examined pursuant to Supreme Court Rule 27.20(c), V.A.M.R., we find no error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.