**STATE of Missouri, Plaintiff-Respondent,**

v.

**James COLLIE, Defendant-Appellant.**

No. 34838.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 11, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

James C. Jones, III, David M. Adams, Public Defender Bureau, St. Louis, for defendant-appellant.

SIMEONE, Acting Presiding Judge.

Defendant-appellant, James Collie was charged by information on March 2, 1971 with operating a motor vehicle without the owner's consent in violation of § 560.175, and a prior conviction was pleaded. He was found guilty by a jury and the court

upon proof of a prior conviction imposed a sentence of four years in the Department of Corrections. He appeals the judgment of conviction.

Arraignment was set for March 28, 1971, but the defendant failed to appear and the court directed an arrest order be issued. Arraignment did not take place until May 9, 1972, when defendant pleaded not guilty in the presence of the public defender. The cause was then set for trial on May 29, 1972. On May 31, 1972, the defendant through his attorney filed an application for continuance alleging that there were certain "witnesses, to-wit: Mr. Michael Goodman and others whose testimony may have a material bearing on the outcome of this cause" and that defense counsel has attempted to locate the witnesses, but he has been in jury trials for three weeks and therefore has been unable to thoroughly investigate the case; that not having spoken with the witnesses, counsel was unable to state the substance of their testimony. He also alleged that this was the first setting of the cause, and that he anticipated being ready by the time of a second setting in three or four weeks. The presiding judge of the circuit court of criminal causes denied the motion and assigned the case to a trial division for trial.

Trial commenced on May 31, 1972. The motion was renewed in the trial division, but the trial judge concurred in the denial of the motion indicating that the defendant was charged on March 2, 1971, that the defendant failed to appear, and that there "is no assurance, and it would be mere speculation, to say that you can locate [the witnesses]."

The principal and only point raised on appeal is that the refusal of the trial court to grant a continuance abridged defendant's constitutional rights and denied counsel a reasonable opportunity to prepare for trial.

■ Supreme Court Rule 25.08 V.A.M. R. provides that "Continuances may be granted to either party in criminal cases for good cause shown, and the court may postpone the trial of any such case for good and sufficient reasons, of its own motion." It is well settled that an application for a continuance in a criminal case is addressed to the sound discretion of the trial court and an appellate court will not interfere unless it clearly appears that such discretion has been abused. State v. Le Beau, 306 S.W.2d 482, 486 (Mo.1957); State v. Lee, 492 S.W.2d 28, 31 (Mo.App. 1973). The trial court has great discretion in granting or denying a continuance and " 'it requires a very strong showing to induce the higher court to interfere and it will disturb the action of the trial court only where a clear abuse of the discretion is shown.' " State v. Thomas, 433 S.W.2d 537, 539 (Mo.1968) quoting from State v. Amerison, 399 S.W.2d 53, 55 (Mo.1966).

■ Although we understand the pressures of defense counsel, we cannot say in view of the circumstances that the trial court abused its discretion in denying the motion so as to deny counsel a reasonable opportunity to prepare for trial or from discharging his duty.

■ Neither do we find an abuse of discretion in denying the motion on the ground of absent witnesses. When a continuance is sought on the ground of the absence of a witness, the application must give the name of the witness, show where he resides or may be, the probability of procuring his testimony, and within what time, what facts the applicant believes the witness will prove, that he believes them to be true, that he is unable to prove such facts by any other witness whose testimony can be readily procured, that the witness is not absent by the connivance of the applicant, and that diligence has been used by the applicant. Rule 25.08(b). Failure to comply with this rule has been held sufficient ground for denying the application. State v. Cuckovich, 485 S.W.2d 16 (Mo. banc 1972).

■ Defendant, through his counsel in his motion was unable to show where the

witness might be, or the probability of locating the witness, and did not indicate the substance of what the testimony was. Defendant did not fulfill the requirements of the rule. "If a motion for a continuance is based on the absence of a witness, the court must be informed of the probability of procuring the testimony of the witness and within what time, as well as what facts the witness will prove." State v. Lee, *supra*, 492 S.W.2d at 31 (affirming trial court's refusal to grant continuance.)

The cases relied on by the appellant are all distinguishable, e. g. State v. Richardson, 329 Mo. 805, 46 S.W.2d 576 (1932)—defendant forced to trial seven days after arrest—and State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595 (1939)—attorney appointed four days prior to trial and no opportunity for consultation.

We have reviewed the record, the briefs filed by the parties and find no abuse of discretion or other error.

The judgment is affirmed.

WEIER and KELLY, JJ., concur.