STATE of Missouri, Plaintiff-Respondent,

v.

Hervis PAIGE, Jr., Defendant-Appellant.

No. 37933.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 22, 1977.

Motion for Rehearing or Transfer
Denied May 6, 1977.

---

Richard L. Turner, Bruntrager & Bruntrager, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Bruce Anderson, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant Hervis Paige, Jr., was found guilty by a jury of robbery in the first degree. Under the second offender act, he was sentenced by the court to ten years in the custody of the Department of Corrections. In this appeal, he challenges three of the court's rulings during the course of the trial. We affirm.

Willie Lee, employed as a route salesman by a potato chip company, was accosted by the defendant on November 1, 1974, after making a delivery to a retail establishment in the City of St. Louis. Upon returning to his truck, he placed several empty cartons behind the driver's seat and when he backed out, the defendant told him, "This is a stick-up. Give me your money." Lee informed the defendant that he had no money but the defendant repeated his former command and put his hand in Lee's pocket. A struggle ensued and the pocket was torn off. The defendant escaped with approximately $360 in funds belonging to the potato chip company. The police were notified. They took Lee's statement and also received custody of some clothes worn by the defendant that Lee had seized during the struggle. Later on November 22, 1974, Lee saw the defendant at an intersection in the city. He notified the police and when the police arrived, they arrested the defendant.

Defendant first challenges the propriety of the court's ruling which denied his application for continuance. Defendant sought to sustain this application by an affidavit in which he stated that his wife and witness, Verter Paige, was in Barnes Hospital and was unable to testify on behalf of the defendant because she gave birth to a baby the night of February 4, 1976. The case was assigned to division for trial on February 3, 1976. The jury was selected on February 4 and the affidavit was filed on the morning of February 5, 1976. The court noted that the case had already been continued seven times, twice for lack of time to try, once when defendant did not appear and was ordered arrested, once when the defendant's lawyer entered his appearance, and three times at the request of defendant's attorney. The judge further indicated that the defendant did not inform the court that his wife was at full term when the case was set nor when he announced ready on the previous day. The court offered to delay the trial and bring the witness in but denied any continuance.

There are several reasons why the court's denial of the application for continuance is not prejudicial error. First, defendant's affidavit failed to comply with Rule 25.08 which requires that the application for continuance on account of an absent witness must, among other things, show the probability of procuring that witness's testimony and within what time and the facts

the applicant believes the witness will prove. The application must also show that applicant believes these facts to be true and that he is unable to prove such facts by any other witness. The only matters set forth in the affidavit were the name, address and location of the witness together with an unsupported assertion that she was unable to testify. Such failure to comply with Rule 25.08 would justify the trial court denying the application. *State v. Cuckovich*, 485 S.W.2d 16, 21[7] (Mo.banc 1972); *State v. Collie*, 503 S.W.2d 445, 446[3] (Mo.App. 1973). Secondly, an application for a continuance in a criminal case is addressed to the sound discretion of the trial court and an appellate court will not interfere unless it clearly appears that such discretion has been abused. *State v. Collie, supra* at 446[1]. The testimony of the defendant's wife would have been merely cumulative. Defendant was in the company of his brother for the entire period from 10:30 a. m. until 2:15 p. m. the day of the robbery. His brother was present and testified in support of the defendant's alibi. During the crucial time period, from 1:20 p. m. to 1:30 p. m., when the robbery was effected, defendant testified that he had left the house with his brother at about 1:30 p. m. to perform errands for his wife. Defendant's father-in-law, Reverend Smith, testified that defendant left with his brother at 1:25 p. m. Another witness verified that defendant arrived at his house at about 2:15 p. m. Even had the wife been present, she could not have accounted for his whereabouts during the time of the robbery. See *State v. Bolden*, 525 S.W.2d 625, 631[4] (Mo.App.1975).

▪ Defendant next contends that his request for a mistrial should have been granted when the prosecutor told the judge that there were two felony cases pending against the defendant involving drugs. This conversation occurred in chambers prior to sentencing. Defendant bases his contention upon the reason that defendant was deprived of his right to be sentenced by an impartial court because the court was prejudiced in advance of sentencing by this information. A judge, however, may consider "any prior criminal record of the de-

fendant" before passing sentence. Rule 27.07. See also, *State v. Jackson*, 476 S.W.2d 540, 542[2] (Mo.1972). Since defendant was charged under the second offender act, his guilt or innocence of the robbery of Willie Lee would be decided by the jury and if guilty, his sentence would be imposed by the court. The mere fact that this information was reported to the judge prior to the time of verdict and sentencing could not be erroneous or prejudicial.

▪ Defendant's third and final contention charges error in the failure of the court to sustain a defense objection to testimony by the victim that he thought the defendant had a gun in his pocket. Appellant has failed to preserve this point for review in that he has cited no authority to support this point relied on in his brief. Rule 84.-04(d); *State v. Schulten*, 529 S.W.2d 432, 433[2] (Mo.App.1975).

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.