**STATE of Missouri, Respondent,**

v.

**Willie TOWNZELL, Appellant.**

No. 44742.

Supreme Court of Missouri.

Division No. 2.

Feb. 13, 1956.

D. Beal, Kansas City, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

Defendant was convicted of first degree robbery and his punishment was assessed at five years in the penitentiary. From the judgment imposing sentence in accordance with the verdict, defendant has appealed.

The robbery occurred on May 17, 1954, at the New Victory Hotel, 1424 Holmes Street, in Kansas City, Missouri. Louis E. Smith, an insurance agent and the victim of the robbery, accompanied the defendant to the Holmes Street address upon defendant's assurance that he could borrow money there to pay the premiums on policies of insurance the defendant expected to take out in Smith's company. While in the build-

ing Smith was robbed of about $40 in cash. Smith testified that the defendant was several feet away knocking on the door of one of the residence apartments when another colored fellow came by, grabbed Smith and announced, "This is a holdup." At the same time defendant walked back toward Smith with his hand in his pocket "just like he had it on a gun or knife or something." The two then pushed Smith into a lavoratory or bathroom where they robbed him and both fled.

The defendant admits that he went to the hotel and was present when Smith was robbed, but insists that he, too, was a victim of the robber whom he disclaimed knowing. The defendant had no money, but testified that the robber took his billfold and dropped it on the floor of the washroom, whence the defendant retrieved it and ran from the building. Defendant "had been in trouble before"; he had pleaded guilty to a larceny charge and had complied with the requirements of his sentence and parole. He testified that he fled from the scene of the robbery because he was afraid of getting in more trouble. The defendant was arrested a few days later in Chanute, Kansas. He testified he went to Chanute the night of the robbery in accordance with arrangements he had previously made to take a job there.

There was evidence that the defendant was seen to run from the building with another man after Smith had been robbed. On defendant's behalf there was also testimony presented calculated to show good character and that defendant had intended to take out some insurance and was accustomed to making small loans from a woman who lived in the hotel. The foregoing resumé of the evidence is sufficient for an understanding of the questions involved on this appeal.

One of defendant's contentions is that the court erred in limiting his counsel to one-half hour for argument instead of allowing him a full hour's time. In support of this contention the appellant cites Harriman v. Harriman, Mo.App., 281 S.W.2d 566, and State v. Baker, 136 Mo. 74, 37 S.W. 810.

In the Harriman case the St. Louis Court of Appeals increased the allowance made by the trial court for alimony, child support and attorney's fees, holding that the trial court had abused its discretion in making the allowance as it did. This case defines judicial discretion and its abuse. The Baker case was a case of statutory rape in which the court held that the trial court did not abuse its discretion in limiting the time of argument to one hour, since the issues were exceedingly simple and there was no showing that there was not ample time to thoroughly present the matter to the jury. There is nothing in either of these cases that would lead us to conclude that it would be error to limit defendant's time for argument to one-half hour.

■ Fixing the time for argument by counsel is a factual determination peculiarly within the trial court's discretion and the record discloses no abuse of such discretion. State v. Lasson, 292 Mo. 155, 238 S.W. 101, 105 [8]; 23 C.J.S., Criminal Law, § 1084, p. 524. The fact issues take a narrow range and are not complicated. Nor were the instructions complicated or extensive. There is no showing that defendant's counsel could not adequately discuss both the law and the evidence in the time allotted him. Further, the question is not properly preserved for review. No request for additional time is shown during the trial, nor is there any objection to the limitation assuming that one was imposed. Some such showing is required to preserve the matter for review. Supreme Court Rule 28.01, 42 V.A.M.S., Section 510.210 RSMo 1949 V.A.M.S. We are bound by the record in this regard rather than by statements in the motion for new trial. State v. Marlin, Mo., 177 S.W.2d 485, 487[4].

The defendant also alleges error in the refusal of the trial court to grant a new trial "after the court was informed that a juror, Julius R. Bund, had been a victim of larceny and had withheld this information upon voir dire examination."

A post-trial hearing was held at which the juror, Julius R. Bunn, testified. At this hearing it was developed that sometime pri-

or to the trial two "mud flaps" attached to the fenders of the juror's car disappeared. The juror assumed that the mud flaps had been stolen, although he was not in his car and did not know the exact time or place that they were taken. He testified that the mud flaps were of small value and he had forgotten about the incident and did not recall it when the veniremen were interrogated as to whether any of them had been "the victim of a robbery or burglary" or "of such a crime." At the completion of the hearing the trial court expressed the opinion that the juror's failure to make the disclosure was not in bad faith and that the question asked by defendant's counsel did not recall the event to the juror's mind. Further, the court stated that the outcome of the trial was not affected by the occurence.

After the time, as fully extended, for filing motions for new trial had expired, defendant filed what he termed a "Supplemental Motion for New Trial." In this supplemental motion defendant, for the first time, claimed error because Juror Bunn failed to disclose on the voir dire examination that "he had suffered a loss due to a robbery which happened on or about the 25th day of October, 1954." Since the supplemental motion was filed beyond the time prescribed for this procedure, the question was not properly preserved for review. Supreme Court Rule 27.20; § 547.030; State v. Davis, Mo., 251 S.W.2d 610, 616[5]. However, we are convinced from our examination of the record that the court's disposition of the question was thoroughly sound. State v. Gordon, 191 Mo. 114, 89 S.W. 1025, 1031[9]; 50 C.J.S., Juries, § 276, p. 1059.

The defendant's counsel, appointed by the trial court, has exhibited a wholesome concern that his inexperience may have deprived the defendant of a proper presentation of his defense. This concern, while praiseworthy, is not justified. Defendant's counsel, in keeping with the traditions of the profession, devoted his time unsparingly to defendant's defense and represented the defendant competently, although without compensation. The trial was presided over by an able judge and the record shows that the defendant was fairly tried. There was ample evidence to support the verdict and the minimum punishment was assessed.

No error appearing, the judgment is affirmed.

All concur.