STATE of Missouri, Respondent,

v.

Jesse DeWaine WHITAKER, Appellant

No. 45917.

Supreme Court of Missouri.
Division No. 2.

March 10, 1958.

Motion for Rehearing or to Transfer to
Court en Banc Denied April 14, 1958.

J. K. Owens, Kansas City, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

**ELMO B. HUNTER, Special Judge.**

This is an appeal by defendant-appellant, Jesse DeWaine Whitaker, from his conviction and sentence for robbery, first degree. The sentence imposed was for forty-five years confinement in the state penitentiary.

The amended information charged defendant under the habitual criminal act and for robbery, first degree. It alleged in the customary manner, among other things, that on January 22, 1956, defendant in Jackson County, Missouri, unlawfully and feloniously did make an assault upon one Walter Diessl with a dangerous and deadly weapon; namely a loaded revolver, and robbed him of certain of his jewelry and money of a total value of $12,500. Defendant was arraigned and entered his plea of not guilty. At the request of the defendant, whose counsel of record with permission of court had withdrawn from the case, the trial court on May 7, 1956, appointed Mr. Gene Martin of the Kansas City Bar to serve as his attorney.

Commencing on June 11, 1956, the case was tried before the court and jury. Evidence on behalf of the state was adduced to the following effect: On Sunday, January 22, 1956, at approximately 7:00. a. m., three men came to the front door of the home of Walter C. Diessl and his wife, Maudie Diessl, located in Independence, Missouri. When Walter Diessl went to the door these three men, all of whom were exhibiting guns, forced their way into the house. Two of the men wore masks, and the third who was later identified as being defendant did not wear a mask but did have a false mustache. Defendant acted as leader of the group. He forced Mrs. Diessl who was still in bed to arise and come to the living room where she was required at gun point to remain until the completion of the robbery. Mr. Diessl, also at gun point, was required to go to the basement to his car. Then he was forced to drive defendant and one of the other men to his place of business, a jewelry store located at 226 East Maple in Independence, Missouri. The other masked man remained with Mrs. Diessl and her sick mother and guarded them. At his jewelry store, still at gun point, Water Diessl was required to open the door to his place of business and also to his safe in it. Defendant and the other man took considerable jewelry and money of a total value of $12,400. They tied Walter Diessl with a length of wire. They telephoned the third man at the Diessl home and instructed him to leave. Then they left the jewelry store, and shortly thereafter Mr. Diessl attracted the attention of some people on the street who freed him. The police were called.

Several days later Lt. Walter F. Ziegenbein, of the City of St. Louis Police, on his day off took his car to a garage to obtain an estimate for some needed repair work on it. While there he noticed these three men, who with a companion, also had a car in the garage for repair work. Lt. Ziegenbein noticed that this car had what appeared to be a bullet hole in it. He caused the arrest of these men. Their pictures, together with some others, were sent to Independence where Mr. and Mrs. Diessl immediately selected out of the group of pictures defendant's picture as one of the three who had committed the robbery. They then went to St. Louis and in a police line-up again identified defendant as one of the three robbers. At the trial they both positively and in considerable detail identified defendant as one of the three who had committed the robbery. The state introduced into evidence the usual records to establish

defendant's conviction of three prior felonies and subsequent discharge, all in support of its habitual criminal charge.

On behalf of defendant only one witness, Lillian Bugg, was presented. According to her testimony, she saw defendant in the City of St. Louis about the time of the morning that the crime took place. Defendant did not testify. The cause was submitted to the jury under the habitual criminal charge and for robbery, first degree.

On June 13, 1956, the jury returned its unanimous verdict finding defendant guilty of robbery, first degree only, and assessed the punishment at 45 years in the state penitentiary. Defendant's motion for a new trial was filed, and overruled. Thereafter, allocution was given, and defendant was sentenced in accordance with the verdict.

■ On this appeal defendant has not favored us with a brief, and it is necessary for us to examine the assignments of error contained in his motion for a new trial. Supreme Court Rule 28.02, 42 V.A.M.S.; State v. Burnett, (Banc), 365 Mo. 1060, 293 S.W.2d 335.

■ The motion for a new trial contains seventy-two assignments of error, and they are numbered accordingly. Many of them, which we will later mention by specific number, refer to matters which if they occurred, are not shown by the record. We are, of course, bound by the record presented for review and, therefore, assignments which are based upon matters not shown by the record cannot be considered or determined. State v. Quilling, 363 Mo. 1016, 256 S.W.2d 751, 754; State v. Burnett, supra. Certain other assignments which we will also mention by their designated number, wholly fail to comply with Supreme Court Rule No. 27.20 which, in part, requires that "A motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor."

After a careful examination of the record before us we find that there is nothing in that record to support the following assignments of claimed error in the motion for a new trial: Nos. 1, 9, 10, 11, and 13. The latter four mentioned assignments are, that the court erred in admitting incompetent, irrelevant and prejudicial testimony of certain named people, none of whom even appeared or testified at the trial. Other assignments also totally unsupported in the record are Nos. 63, 69 and 71.

■ Those assignments of error which are so general and vague as to completely fail to comply with Supreme Court Rule No. 27.20 are: Nos. 2, 4, 6, 7, 8, 12, 64, 65, 66, and 72. The first six mentioned charge that "the court erred in admitting incompetent, irrelevant and prejudicial testimony of (a named) witness." It has been held many times by this court that this type of general allegation is not a sufficient compliance with Rule 27.20 and preserves nothing for review. See State v. Burks, Mo. Sup., 257 S.W.2d 919, 920; State v. Jonas, Mo.Sup., 260 S.W.2d 3; State v. Schramm, Mo.Sup., 275 S.W.2d 343, and cases cited therein. The latter four assignments mentioned are equally general and vague. It would unduly prolong this opinion and serve no useful purpose to set them out for separate examination in view of their complete violation of the rule.

■ The following numbered assignments are so related and similar that they can be discussed as a group; namely, Nos. 14, 15, 16, 17, and 18. These charge that the trial court "erred in giving instruction Number (naming by number, five different instructions)." Again, we can only conclude that these allegations are so general and vague as to fail completely to comply with either the statutory requirements for a motion for a new trial (§ 547.030, V.A.M.S.) or with the requirements of Supreme Court Rule 27.20. As stated by this court in State v. Burnett, supra, 293 S.W.2d loc. cit. 343, "An assignment which merely states that the court erred in giving a particular in-

struction, or in refusing to give a particular instruction, or in refusing to instruct on a particular matter such as murder in the second degree have been held insufficient in not stating 'in detail and with particularity' the specific grounds or causes of complaint in the motion for a new trial." On the same subject, see also State v. Gaddy, Mo.Sup., 261 S.W.2d 65; State v. Murray, Mo.Sup., 280 S.W.2d 809. Assignment No. 19 is "that the court erred in not fully instructing the jury on all the law in the case." What we have just said applies to this charge of error, and it preserves nothing for our review. See State v. Lamb, Mo.Sup., 239 S.W.2d 496.

■ Assignments No. 20 and No. 21 complain that the trial court erred in not giving a proper alibi instruction. These two assignments also are insufficient to preserve anything for appellate review. State v. Burnett, supra. In passing we can only comment that in reviewing the record concerning other charges, we note that the trial court did give a proper instruction on the defense of alibi. Cf., State v. Quilling, supra, 256 S.W.2d loc. cit. 754.

■ Assignments Nos. 22 to 56, both inclusive, charge only that the trial court "erred in admitting, and allowing to be exhibited to the jury, Exhibit (naming by number 36 different exhibits)." A search of the transcript fails to reveal that there were any exhibits marked, numbered or referred to as exhibits Nos. 34, 35 or 36. Therefore, assignments No. 54, No. 55 and No. 56, based thereon are without merit. Exhibits numbered 12, 16, 26, 27, and 30, were marked at the state's request but were never offered or received in evidence. Thus, assignments No. 32(b), 36, 46, 47, 50 and 51, based thereon are also unmeritorious. Counsel for defendant specifically indicated to the trial court that he had no objection to the introduction in evidence of the following exhibits: Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 17. Not having objected to the admission of these exhibits in evidence defendant has no valid basis

for the corresponding assignments of error numbered 23, 24, 25, 26, 27, 28, 29, 30, 31, 32(a), 33, 34, 35 and 37. Defendant did object to the admission in evidence of exhibits Nos. 1, 18, 20, 21, 22, 23, 24, 25, 28, 29, 32, 33, and 34. However, defendant in his motion for a new trial has failed to preserve the matter for review. It is well settled that an assignment in a motion for new trial merely declaring it was error to admit a specified document in evidence is wholly insufficient to preserve anything for appellate review. Supreme Court Rule 27.20, 42 V.A.M.S.; State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1079; State v. Perkins, 355 Mo. 851, 198 S.W.2d 704, 168 A.L.R. 920; State v. Hampton, Mo. Sup., 275 S.W.2d 356. Thus, we conclude that assignments Nos. 22 to 56, inclusive, in the motion for a new trial for one or more of the above stated reasons should be and are overruled.

■ In assignments of error Nos. 3, 5, and 60, defendant complains of the admission in evidence of the testimony of Walter and Maude Diessl concerning their identification of defendant made in the police station in St. Louis, and concerning their identification of defendant from the pictures shown them in the police station in Kansas City. Our examination of the record discloses that defendant made no objection to this testimony at the time it was received in evidence, and cross-examined both Mr. and Mrs. Diessl extensively concerning the identifications. Having failed to object to the testimony at the trial, defendant cannot now successfully urge that the trial court erred in admitting it. For those who wish to examine the considerations involved if proper objection had been made, see State v. DePoortere, Mo.Sup., 303 S.W. 2d 920; State v. Buschman, 325 Mo. 553, 29 S.W.2d 688, 70 A.L.R. 904; State v. Nolan, Mo.Sup., 171 S.W.2d 653.

■ Assignment of error No. 59 is that the trial court "erred in permitting the state's attorney to have pictures of

other men with numbers on same showing they had been taken from the rogue's gallery." All the record discloses on the point is that certain pictures which became exhibits Nos. 3, 4, 5, 6, and 7 were presented to the Diessls for identification and in the presence of the jury were introduced in evidence, all without any objection on defendant's part. In fact, the trial court twice asked defendant's counsel if he objected to them and he twice replied that he did not. The following day these pictures were displayed on the bulletin board in the presence of the jury. There is no showing as to how long they were displayed there. Objection was then made to any further display of them to the jury. The court ruled that under the circumstances the objection came too late. The pictures were then in evidence and before the jury without objection, and there is nothing improper ipso facto about displaying them to the jury by placing them on a bulletin board as the trial judge permitted rather than by passing them to the jury. The record does not disclose any error by the court. We overrule this assignment.

 In assignments No. 57 and No. 58, the trial court is charged with error (57) "in permitting state's attorney to have in the court room, and in the presence of the jury, a number of guns which were not admitted in evidence"; and (58) "in permitting the state's attorney, in his argument to the jury, to wave one of the pistols in front of the jury and make prejudicial statements in regard to the same." Again, the difficulty with these contentions is that they do not correctly state what the record contains on the subject, and are not supported by the record. There is no more settled principle of law than the one that unverified allegations in a motion for a new trial in a criminal case do not prove themselves and cannot be considered unless substantiated by the record. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Swindell, 357 Mo. 1090, 212 S.W.2d 415, and cases cited

therein. We, therefore, turn to the record to ascertain what it does show on the subject. Two guns, state's exhibits No. 1 and No. 28, were identified as being either the same or as looking like two of the guns used in the robbery. These two guns were admitted in evidence and thus are not the ones complained of in assignment of error No. 57. Defendant's attorney chose to ask Lt. Ziegenbein for a gun, and upon being handed it, proceeded to have that gun marked as defendant's exhibit No. 1, and as such introduced it in evidence, cross-examined the witness about it, and passed it to the jury. It is true that at one time during the course of the trial the trial judge noticed several guns and inquired what their purpose was. The state's attorney answered, "To see if he (the witness) can identify them as having been used in the robbery." To which the court replied, "Better take them off and put them out of sight of the jury." This apparently was done, and a short discussion then followed as to when it would be more convenient to mark the guns as exhibits. Defendant's counsel then for the first time objected to the prior display of the guns as being prejudicial to defendant and asked that the jury be discharged. The court overruled this objection. The trial judge certainly did not err *by* permitting any display of the guns. He apparently noticed them before defendant's counsel did and immediately ordered them to be put out of sight. One gun, state's exhibit No. 16, was already in evidence when this incident occurred, and thereafter, defendant as well as the state caused other guns to be introduced into evidence and displayed to the jury. The nature of the case and the relevant evidence was such as to require the presence of guns in the court room. Under such circumstances as are disclosed here the trial court did not err in failing to sustain the objection, and in failing to discharge the jury. As to the other assignment of error, the record does not contain any objection to any incident in the closing argument pertaining to waving

one of the pistols in front of the jury and the making of so-called prejudicial statements concerning it. The record does disclose that without any objection both defendant's attorney and the state's attorney showed the jury one or more of the guns that had been introduced in evidence. We overrule assignments No. 57 and No. 58.

Assignment No. 68 is that the trial court erred in allowing the jury to separate. We refer to the transcript for the attendant facts concerning defendant's conduct just prior to the swearing of the jury: "The Court: As I understand it, the state is not asking for the death penalty? Mr, Shute: No, the state is not. The Court: Very well. Mr. Martin, inasmuch as the state is not asking for the death penalty, is there any request—are you requesting that the jury be segregated? As attorney for the defense, are you asking that? Mr. Martin: No, Judge, I am not. The Court: Very well, thank you."

With the consent of the prosecuting attorney and the defendant, the court may permit the jury to separate at any adjournment or recess of the court during the trial in all cases of felony, except in capital cases. § 546.230, V.A.M.S. A prosecution for first degree robbery by means of a deadly weapon or other felony wherein capital punishment is neither requested nor assessable under the instructions is not a capital case within the meaning of the statute concerning the separation of juries. State v. Montgomery, 363 Mo. 459, 251 S.W.2d 654. The statement of defendant's counsel in effect was his agreement on behalf of the defendant to the separation. See State v. Stanfield, Mo.Sup., 1 S.W.2d 834; State v. Montgomery, supra; State v. Brown, 75 Mo. 317. Having agreed to the separation defendant will not be allowed to successfully complain of it on appeal. State v. McVey, Mo.Sup., 66 S.W.2d 857. Further, permitting the jury to separate even where not permitted by law, is a matter of procedure amounting to irregularity to which,

if defendant knew of it, exception must be taken to preserve it for consideration on appeal. State v. Bowman, Mo.Sup., 12 S.W.2d 51. Thus defendant's contention is without merit.

In assignment No. 67, defendant charges the trial court erred in permitting the amendment of the information so as to plead the habitual criminal act which, he claims, was done only to show the former convictions of the defendant. The state had the statutory right in good faith to inform on the defendant under the habitual criminal act and to endeavor to secure his conviction thereunder. Section 556.280, V.A.M.S.; State v. O'Brien, Mo.Sup., 252 S.W.2d 357, certiorari denied, 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359. It is well established that a defendant is not entitled to a new trial merely because the state fails in an honest effort to prove prior felony convictions or to persuade the jury to convict the defendant under the habitual criminal act. State v. Ivey, Mo.Sup., 303 S.W.2d 585; State v. Lorts, Mo.Sup., 269 S.W.2d 88; State v. Gillette, Mo.App., 277 S.W.2d 680. Any disadvantage that may result to a defendant in such a situation inheres in the attempt to apply the habitual criminal statute and alone does not constitute reversible error. State v. Ivey, supra, 303 S.W.2d loc. cit. 589; State v. Mosier, Mo. Sup., 102 S.W.2d 620, 623. The record does not disclose any evidence of bad faith on the part of the prosecuting attorney in seeking to amend the information to include the habitual criminal charge. On the contrary, the state adduced the customary evidence to show three prior felony convictions and subsequent discharge therefor, and by appropriate instruction submitted to the jury the habitual criminal charge. The jury decided not to convict on that charge, and brought in its verdict of guilty only on the charge of robbery, first degree. The trial judge had the authority in his sound discretion to permit the amendment of the originally filed information charging robbery, first

degree, so as to charge him also as a habitual criminal. § 545.300, V.A.M.S.; State v. Long, 324 Mo. 205, 22 S.W.2d 809. The record before us does not disclose any abuse of discretion on the part of the trial court in permitting the amendment. We overrule defendant's assignment No. 67.

█ Defendant's assignment No. 70 is "that the defendant has since the trial of this case obtained newly discovered evidence and asks leave of court to file affidavits of the same." However, the record does not disclose that defendant ever presented any such affidavits to the court or otherwise endeavored to comply with the required showing for the granting of a new trial because of newly discovered evidence. The often stated rule is that the one seeking the new trial must show: (1) That the evidence first came to his knowledge since the trial; (2) That it was not owing to want of due diligence that it did not come sooner; (3) That it was so material that it would probably produce a different result if the new trial were granted; (4) That it was not merely cumulative; (5) That the object of the testimony was not merely to impeach the character or credit of a witness; (6) The affidavit of the witness himself should be produced, or its absence accounted for. State v. Brotherton, Mo. Sup., 266 S.W.2d 712, 718; State v. Tompkins, Mo.Sup., 277 S.W.2d 587, 593. Defendant failed to make the required showing and the trial court did not err in failing to grant a new trial sought on his mere allegation of newly discovered evidence. We overrule this contention of defendant.

█ Defendant's assignments No. 61 and No. 62 charge that he was prejudiced by the trial court having appointed an attorney to defend him who had never tried a criminal case before and who failed to preserve the record for appeal purposes as well as a more experienced criminal trial lawyer might do, and was further prejudiced by his attorney's failure to place him on the stand "when his former record had been admitted." The selection of a particular attorney to represent a defendant upon defendant's request to the court to appoint one is a matter that rests in the sound discretion of the trial court. The attorney who was selected by the trial court was and had been for several years a practicing member of the Kansas City Bar in good standing. Our review of the record discloses that he had prepared his defense in advance of the trial. During the trial he frequently displayed acumen and foresight in the discharge of his trial duties. It does not necessarily follow that because he omitted to make detailed objections in many instances or to make detailed assignments of error in his motion for a new trial that defendant was not afforded proper counsel. Certainly if no prejudicial error occurred he could not manufacture it, nor could he detail the non-existent. In keeping with the tradition of the profession he devoted his time unsparingly in his representation of the defendant at every phase of the trial, all without compensation. The trial was presided over by an able judge, and the record shows that defendant was fairly tried. Cf. State v. Townzell, Mo.Sup., 286 S.W.2d 785. The considerations that this attorney and the defendant may have weighed in deciding not to put the defendant on the stand are not shown of record, and it would be pure speculation on our part to say they were not sound as the circumstances then appeared to them. We find no merit in assignments No. 61 and No. 62.

We have examined the amended information and find it sufficient. The verdict was in proper form and responsive. Allocution was afforded, and the judgment and sentence were duly pronounced. We have carefully considered each and all of the assignments of error that were set forth in detail and with particularity in accordance with Supreme Court Rule 27.- 20 V.A.M.S., and those portions of the rec-

ord required by Supreme Court Rule 28.02. As a result of our examination, we have concluded that there is no error appearing. The judgment of the trial court should be and is hereby affirmed. It is so ordered.

STORCKMAN, P. J., and EAGER, J., concur.

LEEDY, J., not sitting.