**STATE of Missouri, Respondent,**

v.

**William Edward STAPLETON, Appellant.**

No. 49827.

Supreme Court of Missouri,

Division No. 2.

May 13, 1963.

Motion for Rehearing or for Transfer to Court En Banc Denied June 4, 1963.

right hand to open the door Morrison concluded that he did not have a pistol or weapon. Morrison then got out of his taxicab and started running after defendant, and picked up a portion of a brick and threw it at defendant which hit him and knocked him down temporarily. He then caught up with defendant and struck him several times with a stick or board. After retrieving his money, he called his dispatcher, reported the robbery, and the police were called.

The substance of the first six assignments in defendant's motion for new trial is as follows: The court erred "in admitting incompetent, irrelevant and immaterial evidence" and in "excluding competent, relevant and material evidence;" the verdict is "against the evidence," against "the greater weight of the credible evidence," against "the law under the evidence," and "shows bias and prejudice on the part of the jury." None of these assignments are sufficient to preserve any issue for appellate review. Supreme Court Rule 27.20, V.A.M.R.; State v. Stumph, Mo., 349 S.W.2d 954; State v. Herron, Mo., 349 S.W.2d 936; State v. Feasel, Mo., 344 S.W.2d 41.

The seventh assignment of error is that a witness for the state, Wesley Halsey, "stated to counsel for defendant in the outer hallways while the jury was deliberating that he had been promised an excessive sum of money to testify for the state and that he would not have testified to those facts except for said promise." Attached to the motion for new trial was a statement, labeled an "affidavit" but not sworn to and in fact not shown by the transcript to have been signed, in which counsel for defendant purportedly asserted that while the jury was deliberating Wesley Halsey stated to him that he had been promised $20 by the investigator for the prosecuting attorney's office "to testify to certain facts" in the case, and that he had stated that "he would not have testified to those facts had it not been for the promise he received." Neither in the motion nor in the attached "affidavit" is there set out what "facts" the witness did testify to which he would not have testified

No appearance for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Margaret Bush Wilson, Sp. Asst. Atty. Gen., St. Louis, for respondent.

STOCKARD, Commissioner.

Defendant, charged under the habitual criminal act, was convicted of robbery in the first degree and sentenced to imprisonment for fifteen years. Defendant has appealed but has filed no brief. We consider all assignments of error in the motion for new trial.

The sufficiency of the evidence is not challenged so a brief statement thereof is sufficient. On the evening of April 22, 1962, Leon L. Morrison, a taxicab driver, picked up the defendant and pursuant to instructions took him to Twenty-fifth and Benton Streets in Kansas City. When Morrison turned on the cab dome light defendant told him to turn the light off and then said "this is a stick-up." Defendant was seated in the front seat with Morrison, and while his right hand was in his jacket pocket or under the jacket as though holding a weapon, which Morrison believed he had, defendant took approximately $19 in bills from Morrison's left shirt pocket. Defendant then got out of the taxicab, and when he used his

but for the offer of $20. The transcript shows that after the verdict of the jury was received on September 25, 1962, the assistant prosecuting attorney asked the court if it wished to determine the sentence at that time, and the court replied that it did. The following then occurred: "Mr. Isgur [counsel for defendant]: Before this is done, I would like to make a motion for a mistrial, or an alternative motion for a new trial, on the following grounds: I would like to make a record of this. While the jury was out Mr. Halsey, who was a witness for the prosecuting attorney in the prosecution of this case in the State of Missouri, was in the hallway outside of this court room and informed me, in the witness [presence?] of Mr. Leonard Hughes who is also an attorney in this city, that he has been promised money to testify in behalf of the prosecution of this case above and beyond the statutory witness fees." The trial court then stated that "no one has testified under oath and you are just telling me what someone has told you, and all of that. My point is, I am going to sentence him now so that you can raise that question in this sentence, whether you think it is too high, in your motion for a new trial, * * *." Following some oral statements by counsel for the state and for defendant as to the appropriate sentence, the sentence was determined and announced. On October 2, defendant's motion for new trial was filed, and the transcript shows that on October 25 the following occurred: "Now on this day comes the prosecuting attorney, comes the defendant William Edward Stapleton, in person and by attorney, Jack L. Isgur, and said defendant having been convicted by a jury to the charge of robbery, first degree, under the habitual criminal act, and said defendant's motion for new trial heretofore filed on the second day of October 1962, is now by the court taken up, fully heard and considered by the court overruled." The transcript does not show that any evidence was offered in support of the motion for new trial.

■ The statements in the seventh assignment of error and in the attached "affidavit," which is nothing more than an unverified statement, are not supported by the record. "There is no more settled principle of law than the one that unverified allegations in a motion for a new trial in a criminal case do not prove themselves and cannot be considered unless substantiated by the record." State v. Whitaker, Mo., 312 S.W.2d 34, 39. Although the remarks of the trial court refer to both the amount of the punishment and the procedure for making proof of the alleged incident, they clearly indicated, and properly so, that proof of the incident should be by some method other than unsworn statements of what other persons said. After an adequate period of time to prepare the evidence, if any, no proper record whatever was made of this alleged incident. The only record before us shows that a full hearing was had on the motion. This means that defendant was afforded an opportunity to present evidence in support of this assignment of error if he so desired. No such evidence was presented, and we can only conclude that either a further investigation disclosed no improper conduct, or that defendant waived his objection to the occurrence, whatever it was. There is nothing before us to justify a ruling that the trial court erred in overruling this assignment of error.

■ The eighth assignment of error is "That there is new evidence which has only been recently discovered, i. e., the promise of money to the witness, photographs showing injury to the defendant other than what was testified to in court, and additional witnesses to the occurrence, passengers in the cab, which is contrary to the testimony of Leon Leonard Morrison." Again, these unverified allegations in the motion for new trial do not prove themselves, and they are not substantiated by the record. "The often stated rule is that one seeking the new trial [because of newly discovered evidence] must show: (1) That the evidence first came to his knowledge since the trial; (2) That it was not owing to want of due diligence that it did not come sooner; (3) That it was so material that it

would probably produce a different result if the new trial were granted; (4) That it was not merely cumulative; (5) That the object of the testimony was not merely to impeach the character or credit of a witness; (6) The affidavit of the witness himself should be produced, or its absence accounted for." State v. Whitaker, 312 S.W. 2d 34, 41; State v. Tompkins, Mo., 277 S.W.2d 587, 593. Defendant failed to make the required showing and the trial court did not err in overruling this assignment of error.

◼ The ninth assignment of error is that the state "produced only one witness as to the corpus delicti, and that witness' testimony was completely contradicted by the witness, Wesley Halsey and by the witness Patrolman Carl Fordyce." The assignment of error is inadequate in that it does not purport to show in what respects there is a conflict. However, we have examined the testimony and we find there is no merit to the contention. First, the testimony of the victim of the robbery, Leon L. Morrison, if believed, clearly established the commission by defendant of the offense charged, and assuming that the testimony of the other witnesses was in conflict it was a question for the jury to determine which witness it would believe. Second, we do not agree that the testimony of Morrison was "completely contradicted" by Halsey and Fordyce. In fact, after a careful reading of all the testimony of these witnesses we are of the opinion that there is no conflict except in minor respects which invariably occurs when several months after an occurrence witnesses attempt to relate what they saw. In general, the testimony of the three witnesses are in accord, at least as to the features pertaining to the issue of the commission of the charged offense and whether defendant was the perpetrator thereof.

◼ The tenth assignment of error is that the court erred in permitting "improper argument by the prosecuting attorney [in] attempting to impeach the state's own witness, Mr. Wesley Halsey." Although this assignment is insufficient, we have searched the record and find that Morrison had testified that he was running after the defendant who was attempting to flee after the robbery, and Halsey had testified that they were walking down the street arguing about money. During the closing argument the prosecuting attorney was commenting on the testimony, and said, "Now then, there is the question of were they [Morrison and defendant] walking or were they running," and "I submit to you there may be some question about that, but you remember he [Halsey] said, 'I was on the same side of the street, I got my family out of there because I wasn't sure just exactly what might happen,' and then he crossed the street * * *." Defense counsel then objected "on the grounds Mr. Hutson is impeaching his own witness." The remarks of the assistant prosecuting attorney constituted a proper comment on the evidence in the case. Under no circumstance could it be considered to be an improper impeachment by the state of its witness.

◼ The substance of the remaining assignments of error are as follows: The court erred "because of improper instructions submitted by the state" and "given by the court," and "because of improper introduction under the habitual criminal act of this defendant's prior conviction." None of these assignments comply with the requirements of Supreme Court Rule 27.20, V.A.M.R., and preserve nothing for appellate review. See State v. Riley, Mo., 270 S.W.2d 741.

◼ The amended information is in proper form. The verdict of the jury is responsive to the issues, and the punishment fixed by the court was authorized. The record shows formal arraignment of defendant as to the original information but not as to the amended information, but the record shows that he was tried as though arraigned and a plea of not guilty entered. Defendant and his counsel are shown to

have been present throughout the trial, and the judgment and sentence are in due form.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.