**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**James Willie LEE, alias John Lee, Defendant-Appellant.**

**No. 34850.**

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 20, 1973.

Northcutt Coil, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant, James Willie Lee, was charged by information with robbery in the first degree by means of a dangerous and deadly weapon and with two prior felony convictions for the same offense. The jury

found him guilty. The prior convictions for robbery first were proven, and defendant admitted to having been convicted three additional times, those being for burglary. Upon a finding of these five prior convictions, defendant was sentenced by the court to thirty-five (35) years imprisonment. §§ 556.280, 560.120, 560.135.[1] Defendant appealed.

Defendant first contends that the evidence was not sufficient to sustain the verdict.

A jury reasonably could find that on the evening of June 16, 1971, defendant and another man entered Tiny's Confectionery in the City of St. Louis. The other man had a gun and informed the owner, Mr. Brown, and his sister, Mrs. Mason, that "This is real. This is a hold-up." Mr. Brown was told by the man with the gun to lie on the floor and to remove the money from his pockets. He also told the sister to take off her rings. The defendant took the money from the cash registers and from the sister's person. Defendant put the money in a bag. Police officers arrived as the man with the gun was taking Mr. Brown and Mrs. Mason toward the stairs to the basement. Defendant was placed under arrest. When Mrs. Mason was returned to the room where defendant was being detained, defendant begged her to tell the police that he was a customer. In addition, defendant had twice come into the store earlier on that day, once to purchase a half-pint of whiskey and borrow a glass, and the other time to return the glass.

Mrs. Mason testified to having seen the defendant and the man with the gun sitting outside of Tiny's Confectionery earlier that day. And on cross-examination, she testified that the man with the gun told defendant to get the money from the registers and from her.

The defendant presented no evidence at the trial.

In determining the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the State, accepting all substantial evidence and all legitimate inferences fairly deducible therefrom which tend to support the verdict, and rejecting contrary and contradictory evidence. State v. Petrechko, Mo., 486 S.W.2d 217, 218.

Defendant's contention on this appeal is that he was merely a customer and was an unwilling participant. There was sufficient evidence for the jury to find against this contention. Here, from the State's evidence, it could be found as true that the defendant actively and voluntarily participated in the commission of the robbery by entering the victim's store with a man who had a gun who stated to the victim that "This is a hold-up" and that the defendant took the money from the cash registers and from the person of Mrs. Mason and put the money in a bag. Evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction. State v. Cobb, Mo., En Banc, 444 S.W.2d 408, 412.

Defendant also states in his brief that he at no time had a gun. We fail to see how this is of any aid to defendant's case. Participation does not demand that the State prove defendant personally committed all the acts constituting the essential elements of the crime. State v. Gideon, Mo., 453 S.W.2d 938, 940. Defendant was charged with robbery in the first degree by means of a dangerous and deadly weapon. There is sufficient evidence for a jury to find that one of the robbers had a gun and the evidence need not show that defendant was the one.

We hold that there was sufficient evidence here to support the verdict of the jury.

Defendant next contends that the court erred in overruling his oral motion for a

---

1. All references to statutes are to RSMo 1969, V.A.M.S.

two week continuance in order to locate a key witness.

At a hearing on the motion for a continuance before the trial judge, the following testimony was had. Defendant's attorney, Mr. Coil, had been appointed to represent the defendant on July 14, 1971, about one month after the defendant was incarcerated on this charge. The defendant asked Mr. Coil to contact Alfred Page and request his help in locating a witness named Edward Mosley. The defendant claimed that Mosley would be essential to his defense. Mr. Coil wrote Page requesting his help. Page did not answer Mr. Coil's letter. Later, Mr. Coil contacted the defendant's brother, Eugene Lee, attempting to obtain his help in finding Mosley. Although Eugene Lee expressed a willingness to help, he was hospitalized shortly thereafter and provided no assistance to Mr. Coil.

At the hearing for a continuance, the defendant told the court that Page had visited him in jail a few days earlier and told him that he was willing to be of assistance in attempting to locate Mosley. A similar motion for a continuance had been made the day preceding the trial date and had been denied by the assigning judge.

■ An application for a continuance in a criminal case is addressed to the sound discretion of the trial judge. State v. Scott, Mo., 338 S.W.2d 873, 876. An appellate court will not interfere with the exercise of that discretion by the trial court unless it has been abused. State v. Boykins, Mo., 399 S.W.2d 70, 73.

■ If a motion for a continuance is based on the absence of a witness, the court must be informed of the probability of procuring the testimony of the witness and within what time, as well as what facts that witness will prove. State v. Boykins, supra at p. 73.

■ Under the circumstances, we believe there was no abuse of discretion by the trial court in denying the oral motion for a continuance. Here the record showed that Mr. Coil informed the trial court that he had attempted to locate Mosley without success. He further testified that he had written Page and the defendant's brother in an attempt to locate Mosley. Mr. Page did not respond to his letter and defendant's brother was hospitalized and was unable to help locate Mosley. There was no testimony whether this witness could ever be located, and the contents of the expected testimony was not set forth to the trial court. Defendant's contention is without merit.

Defendant was granted a thirty day extension of time in which to file his motion for new trial. Defendant's motion was filed at the end of the allotted time. A statement of Edward Mosley was filed in support of that motion as newly discovered evidence.

In this statement Mosley stated that he worked in a garage across from Tiny's Confectionery, and defendant brought his auto to that garage around 6:00 or 6:15 p. m. on the date of the robbery. Defendant left his auto to be fixed, and the defendant and Mosley walked across the street to Tiny's. Defendant waited outside while Mosley went in and purchased a half-pint of whiskey from a woman in the store. They sat on the side of Tiny's Confectionery "getting ready to drink the whiskey." The defendant went in Tiny's and borrowed a glass, filled with water. Mosley and the defendant then drank the whiskey. Mosley later returned the glass. Defendant and Mosley then went to the garage, and when defendant found that his auto was not ready, he informed Mosley that he was going to Tiny's to buy a bottle. The next time Mosley saw defendant he was being escorted out of Tiny's by a policeman.

The trial judge overruled defendant's motion for a new trial. Defendant now claims this to be in error based on his newly discovered evidence.

The matter of granting a new trial on the ground of newly discovered evidence rests within the sound discretion of the trial court. State v. Harper, Mo., En Banc, 473 S.W.2d 419, 421. The requirements for securing a new trial on these grounds are: (1) that the evidence has come to the knowledge of the defendant since the trial, and (2) that it was not owing to his want or due diligence that he did not discover it sooner, and (3) that the evidence is so material that it would probably produce a different result on a new trial, and (4) that it is not cumulative only or merely impeaching the credit of the witness. Harper, supra, l. c. 421; State v. Harris, Mo., 413 S.W.2d 244.

The person seeking a new trial must show compliance with these requirements. State v. Stapleton, Mo., 368 S.W.2d 395, 398. We feel defendant completely failed to show the necessary compliance.

As was stated above, defendant and his counsel knew of the existence of Mr. Mosley long before the trial began but stated that they were unable to locate him. Likewise, from Mr. Mosley's statement, it is difficult to believe his testimony would be so material as to produce a different result on a new trial. Assuming that Mosley would have testified that he had purchased the half-pint of whiskey rather than the defendant and that it was he and the defendant who were drinking outside of Tiny's, it is exceedingly unlikely that such testimony would have made any difference in the jury's verdict. Here both Mr. Brown and his sister Mrs. Mason positively identified the defendant as the man who took the money out of the cash register and off the person of Mrs. Mason. Defendant's presence in the store, his apparently voluntary assistance to the man with the gun, and the testimony concerning defendant's actions were sufficient to support the jury's guilty verdict.

The only testimony that would be controverted is that of Mrs. Mason concerning her seeing defendant and the man with the gun drinking together at the side of the store, and the testimony that defendant had purchased the half-pint. This goes to collateral matters and is not so material as would produce a different result.

Considering that the evidence did not come to the knowledge of the defendant after the trial and the fact that it is not of the quality likely to produce a different verdict, we hold that the trial court did not abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence. State v. Harper, supra, 473 S.W.2d at 421.

Lastly, defendant contends that he should be granted a new trial in that § 556.280 known as the Second Offender Act, is unconstitutional. In addition, defendant claims that his inability to take the witness stand caused by his fear that his prior convictions would be exposed to the jury, is also a denial of due process. Both contentions have been repeatedly discussed in similar cases in which the rulings have been adverse to defendant's position. The Supreme Court has held that points involving the constitutionality of § 556.280 should be denied peremptorily in future cases. State v. Maxwell, Mo., 411 S.W.2d 237, 240. That court has also held uniformly that §§ 491.050 and 546.260 confer an absolute right to show prior convictions and the nature thereof for the purpose of impeachment and that a defendant may be impeached as any other witness. State v. Busby, Mo., 486 S.W.2d 501, 503. We feel that both points have been sufficiently developed in the two mentioned cases and the cases to which they refer. Further discussion here would be useless. The trial court did not err in denying a new trial based on these constitutional arguments.

As we are required to do under Rules 28.02 and 28.08, V.A.M.R., we have considered and examined the information, verdict, judgment and sentence and find them all to be proper.

The Judgment is affirmed.

McMILLIAN and WEIER, JJ., concur.