**STATE of Missouri, Respondent,**

v.

**Paul Edward TAYLOR, Appellant.**

No. 35031.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 13, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Dan Summers, Asst. Attys. Gen., Jefferson City, Gene McNary Pros. Atty., George R. Westfall, Asst. Pros. Atty., Clayton, for respondent.

Robert Heisler, Asst. Public Defender, Clayton, for appellant.

CLEMENS, Judge.

The trial court sitting as a jury found defendant guilty of first degree robbery and sentenced him to five years imprisonment. Defendant appeals, raising only one question: Did the trial court err in refusing a new trial on the ground of newly discovered evidence? We look first to the trial evidence.

In the early morning hours of December 17, 1971 two men robbed a service station in St. Louis County, taking money and personal effects from the attendant. One of the robbers wore an orange jacket and had a gun. The victim identified defendant at a lineup and also in the courtroom as the robber who had worn the orange jacket. A policeman who apprehended defendant shortly after the robbery testified he was wearing an orange jacket and threw something away when the policeman approached. Police found a .32-caliber revolver a foot or two away from defendant.

Defendant's grandmother and sister testified that on the night in question he left their house wearing a gray leather coat and neither had ever seen the orange jacket or known him to have a weapon.

At trial defendant testified: On the night of the robbery he wore a gray leather coat to a party a few doors from the robbed filling station. A man at the party named Chris was wearing an orange jacket and Chris and another man wanted defendant to help them rob the station. Defendant declined and they went without him. Chris came back alone and, since the police had seen him, he asked defendant to change coats with him. Defendant complied, putting on the orange jacket, which

he was wearing when arrested outside a few minutes later. On cross examination however defendant admitted having told the arresting officers he had been robbed by two people who had taken his gray coat and had given him the orange one.

The court found defendant guilty. Defendant moved for a new trial on the ground of newly discovered evidence and the court held an evidentiary hearing. Defendant did not testify but presented Stanley Anthony, who testified he was at the party to which defendant had referred. Anthony corroborated defendant's trial account of the party, particularly about defendant switching his own coat for Chris' orange jacket. Anthony did not know of defendant's arrest and the first time he heard about the robbery was eight months later when he and defendant were in jail together after defendant's trial. The court denied the motion for new trial.

In determining whether the motion should have been granted we note that the courts are reluctant to grant new trials on the ground of newly discovered evidence. State v. Harper, 473 S.W.2d 419 (Mo. banc 1971). Requirements for granting a new trial on the ground of newly discovered evidence have been most recently declared in State v. Lee, 492 S.W.2d 28 (Mo.App.1973): "(1) that the evidence has come to the knowledge of the defendant since the trial, and (2) that it was not owing to his want or due diligence that he did not discover it sooner, and (3) that the evidence is so material that it would probably produce a different result on a new trial, and (4) that it is not cumulative only or merely impeaching the credit of the witness." These requirements first appeared in Missouri, by adoption from Georgia, in State v. McLaughlin, 27 Mo. 111 (1858), where the court explained: "Applications for new trials on the ground of evidence discovered after the trial are entertained with reluctance because of the temptation to parties smarting under defeat to make them, and on account of the facility

with which plausible grounds are manufactured."

Since defendant and Anthony had supposedly spent the entire evening together at a party on the night in question, the facts constituting Anthony's testimony and his knowledge of the facts were available to defendant at and before the time of his trial. Hence, his motion failed to meet the requirement "that the evidence has come to the knowledge of the defendant since the trial." State v. Lee, supra; compare State v. Stehlin, 312 S.W.2d 838 (Mo.1958).

Another requirement for granting a new trial on the ground of newly discovered evidence is "that the evidence is so material that it would probably produce a different result on a new trial." Since the trial court must determine whether the proffered evidence would probably produce an acquittal on a new trial it follows that the trial court must weigh the proffered evidence.

In the recent case of Thomas v. State, (Mo.1974) a witness changed his testimony whereby he had previously implicated defendant as an accomplice in a robbery and murder of which he was subsequently convicted. The witness later stated that the defendant did not assist in those crimes and was willing to so testify upon a new trial. The court affirmed the trial court's denial of the motion for new trial on the ground the testimony was not credible and thus did not furnish a basis for a new trial.

The same result appears here. Anthony testified in effect that defendant learned Chris had committed a robbery while wearing an orange jacket and to prevent his own detection Chris persuaded defendant to wear the jacket, which defendant did. Such a bizarre story falls short of being evidence which "would probably produce a different result on a new trial." Compare Beishir v. State, 480 S.W.2d 883 [2–4] (Mo.1960), in which evidence was proffered that two men, since deceased, had admitted they, rather than defendant, had

participated in the robbery of which defendant had been convicted. On appeal the court upheld the trial court's rejection of the alleged newly-discovered evidence. The court said "the trial court had the right and duty to weigh and evaluate the testimony presented to him." Thus, weighing such evidence is necessary for the trial court to determine whether "it would probably produce a different result at a new trial."

Granting a new trial on the ground of newly-discovered evidence is a discretionary decision for the trial court. State v. Lee, *supra*. Clearly there was no abuse of that discretion here.

Since the two defects already noted vitiate the merits of defendant's motion we will not lengthen this opinion with a discussion of the state's contention that Anthony's testimony was merely cumulative of defendant's own testimony.

Judgment affirmed.

SMITH, P. J., and McMILLIAN, J., concur.