**Randy Eugene RING, a minor, by his mother and next friend, Patricia Ring, Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT NO. 3, Johnson County, Holden, Missouri, and Lyle Quick, Norman Briscoe, Patricia Huber, Harold Chaney, Vernon Zvacek and Richard Muehler, Respondents.**

**No. WD 32013.**

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

C. B. Fitzgerald, Warrensburg, for appellant.

Bruce A. Bailey, Warrensburg, for respondents.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

This is an appeal from a judgment of the circuit court affirming the decision of the defendant school board by which plaintiff Randy Ring was expelled from the defendant school.

Appellant raises no question about the sufficiency of the evidence to support the decision of the school board. His challenge to the school board decision is upon two bases: first, that the board's order expelling the plaintiff "indefinitely" was "unconstitutional, arbitrary, capricious and an abuse of discretion, and constituted cruel and unusual punishment"; and second, that certain witnesses whom the plaintiff wished to have testify in his behalf were not directed by the school administration to attend the school board hearing, but were "given an option to either appear or not appear".

We affirm the judgment of the trial court.

Section 167.161, RSMo 1978, authorizes the school board of any district . . . to "suspend or expel a pupil for conduct which is prejudicial to good order and discipline in the schools or which tends to impair the morale or good conduct of the pupils". Plaintiff does not challenge the sufficiency of the evidence to support the board's decision to expel, so it is not necessary for us to detail the evidence. It is sufficient to say that the evidence presented before the school board showed Randy guilty of repeated incidents of disruptive behavior, disobedience to teachers and school officials, and finally an instance of gross vulgarity directed by Randy toward a female teacher in the classroom. Plaintiff rather says that the sentence of expulsion from school was excessive. He calls upon those provisions of the Missouri and United States Constitutions which forbid "cruel and unusual punishment", asserting that the punishment was "disproportionate to the offense committed and should shock the moral sense of all reasonable men as to what is right and proper under the circumstances."

There are two or three answers to plaintiff's argument. The action of the school board is, first of all, not punitive, but is rather for the purpose of removing a disruptive and disturbing influence from the schoolroom in order that the business of educating the other pupils may proceed. Furthermore, if the expulsion could be considered as "punishment", it is within the authority given by statute to the school board. As the court said in *State v. Motley*, 546 S.W.2d 435, 438 (Mo.App.1976), in deal-

ing with a contention that a criminal sentence constituted cruel and unusual punishment, although within the statutory range of punishment: "As previously discussed, establishing the range of punishment for crimes is a legislative, not a judicial function (citation omitted), and a sentence when imposed within the limits provided by an otherwise constitutional statute, is not to be considered excessive (citations omitted)".

Third, the plaintiff has cited no case, and our research has disclosed none, where the "cruel and unusual punishment" prohibitions of the United States Constitution or any state constitution have been held to prohibit expulsion of a student. *Boykins v. Fairfield Board of Education*, 492 F.2d 697 (5th Cir. 1974), holds expulsion of a student for repeated disruptive behavior not to be an arbitrary or unreasonable measure.

Plaintiff emphasizes the finality of the sentence of expulsion. Both parties assumed that when the school board suspended Randy indefinitely, this meant "forever". We do not reach the question whether the expulsion is effective beyond the current school year. However, there is nothing in the statute which would prohibit Randy's readmission to the school upon application, after a suitable period of repentance.

■■■ As to plaintiff's second attack upon the decision of the school board, that plaintiff's requested witnesses were not required to attend the school board hearing, plaintiff cites us to Article I, Section 18(a), 1945 Missouri Constitution.[1] This constitutional provision provides that in criminal prosecutions the accused shall have the right to have process to compel the attendance of witnesses in his behalf. The plaintiff has cited us to no case which extends this right to either party in such a case as the one now before us. There is no statutory machinery to compel the attendance of witnesses in such a case. As it happened, both the school administration witnesses and those requested by the student were school employees. The administration witnesses were directed by the administration to appear, while those requested by the student were given the option to appear or not to appear as they chose. However, plaintiff has demonstrated no prejudice to him in the failure of his witnesses to appear. He did not tell the school board or

---

1. In the Due Process standards for these cases, set out in *Dixon v. Alabama State Board of Education*, 294 F.2d 150 (5th Cir. 1961), the right to compulsory witness attendance is conspicuously absent. There the court said:

> For the guidance of the parties in the event of further proceedings, we state our views on the nature of the notice and hearing required by due process prior to expulsion from a state college or university. They should, we think, comply with the following standards.
> The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the Board of Education. The nature of the hearing should vary depending upon the circumstances of the particular case. The case before us requires something more than an informal interview with an administrative authority of the college. By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing which gives the Board or the administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved.

> This is not to imply that a full–dress judicial hearing, with the right to cross–examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities, might be detrimental to the college's educational atmosphere and impractical to carry out. Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college. In the instant case, the student should be given the names of the witnesses against him and an oral or written report on the facts to which each witness testifies. He should also be given the opportunity to present to the Board, or at least to an administrative official of the college, his own defense against the charges and to produce either oral testimony or written affidavits of witnesses in his behalf. If the hearing is not before the Board directly, the results and findings of the hearing should be presented in a report open to the student's inspection. If these rudimentary elements of fair play are followed in a case of misconduct of this particular type, we feel that the requirements of due process of law will have been fulfilled. *Id.* at 158–9.
> *See*, however, *Smith v. Miller*, 213 Kan. 1, 514 P.2d 377 (1973).

the trial court what the testimony of the witnesses would have been. Unless he shows how the testimony of the absent witnesses might have aided him, he has no ground for complaint. *State v. Reece*, 505 S.W.2d 50, 52 (Mo.1974); *State v. McKenzie*, 228 Mo. 385, 128 S.W. 948, 951 (1910); *State v. Lee*, 492 S.W.2d 28, 31 (Mo.App.1973).

Furthermore, plaintiff entered upon the school board hearing in the absence of the witnesses without any protest. He requested no continuance. He did not request that the school board direct the absent witnesses to be present at a later hearing. Having made no protest and having asked for no relief at the time of the hearing, he cannot now be heard to ask that the unfavorable decision of the school board be overturned because of the witnesses' absence. *See State v. Gailes*, 428 S.W.2d 555, 561 (Mo. 1968); *State v. Reynolds*, 422 S.W.2d 278, 284 [8] (Mo.1967).

The judgment of the trial court is affirmed.

All concur.